Abraham Neuhaus
THE LAW OFFICE OF ABRAHAM NEUHAUS, LLC
*Attorneys for Plaintiff Joel Wertzberger*
124 Benjamin Street
Toms River, New Jersey 08755
C: (845) 548-7284
E: abeneuhausesq@gmail.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x

JOEL WERTZBERGER,                                    Case No.:

                              Plaintiff,            Date Filed: December 22, 2022

     - against -

                                            **VERIFIED COMPLAINT**

JOEL WEISS a/k/a YOELY WEISS,

                              Defendant.

-------------------------------------------------------------------x

       Plaintiff Joel Wertzberger by his attorneys, the Law Office Of Abraham Neuhaus, LLC, as and

for his verified complaint against defendant Joel Weiss, alleges as follows:

**THE PARTIES**

      1.    Plaintiff Joel Wertzberger ("JW") is a citizen of the State of New York and

resides in Brooklyn, New York.

      2.    Joel Weiss ("Weiss") is a citizen of the State of Pennsylvania with a last

known address of 520 Jefferson Avenue Scranton, Pennsylvania 18510.

      3.    Upon information and belief, Weiss is a former Citizen of the State of New

York but continues to do business and is a frequent visitor to the State of New York.

## JURISDICTION AND VENUE

4.     This court has diversity jurisdiction pursuant to 28 U.S.C. §1332 *et seq*. the parties are citizens of different states and the matter exceeds the sum or value of $75,000.00 exclusive of interests and costs.

5.     Venue is proper in the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. §1391(b)(2). Defendant resides in Kings County, New York and a substantial part of the events, acts, or omissions giving rise to these claims occurred in Kings County, New York. Kings County is in the Eastern District of New York pursuant to 28 U.S.C. §112(c).

## FACTS

6.     After numerous meetings in Brooklyn, New York, on or about May 3, 2021, JW and Weiss met in JW's office in Brooklyn and entered into the agreement annexed to this complaint as Exhibit A. In connection with this agreement Weiss was to manage an investment account for JW, but agreed to personally guaranty parts of the investment.

7.     After a mere few weeks, and after very risky investments by Weiss: Weiss shorted risky AMC Entertainment stocks, Weiss lost all of the original million dollars, the account entered negative territory, and Weiss caused a loss of approximately $1.2 million.

8.     Pursuant to the terms of the Agreement, Weiss had guaranteed replenishment. The guaranty was to cease only once the client made back his original million-dollar investment.

9.     At Weiss's request, JW added additional funds to the investment account in order to help staunch the bleeding and avoid larger defaults which would have occurred had the account been left in negative territory.

10.     However, the parties required a plan to secure and repay the unreplenished

funds on an expedited basis because the funds remained in the account and continued to lose value. Thus, on or about Sunday, June 20, 2021, Weiss indicated his consent for JW to liquidate the open positions in the account.

### The Arbitration Proceedings

11.    The parties' Agreement contains the following arbitration provision:

(8) The parties agree that in the event of any and all disputes or controversies which develop in connection with, or resulting from or relating to, this Agreement (the "Controversy"), the Controversy will be exclusively submitted to binding arbitration before the Bais Din of America. At such arbitration, the parties waive compliance with CPLR 7506 (a-c) except for the right to be represented by counsel (CPLR 7506(d)) which may not be waived. All arbitration hearings may be held in an informal setting, via telephone, email, or otherwise. Service of all papers via email is permitted.

12.    On June 23, 2021, JW sought the assistance of the Bais Din of America a/k/a the Beth Din of America (the "Arbitration" or the "Arbitrators").

13.    Thereafter, the parties engaged in settlement discussions. When Weiss became non-responsive, JW asked the Bais Din of America to proceed with an arbitration.

14.    On September 17, 2021 JW served a notice of intention to arbitrate before the Beth Din of America on October 14, 2021 via zoom, by email in accordance with the terms of the Agreement, as well as by personal service on Tuesday September 21, 2021. Copies of the correspondence and affidavit of service is attached as Exhibit B.

15.    While Weiss did not initially show up for the October 14, 2021 zoom hearing, he did participate via email proceedings (authorized by the Agreement) and was provided with a copy of the Zoom hearing which had been recorded by the arbitrators.

16.    Additionally, Weiss was given an opportunity to comment or advance arguments in connection with these proceedings and conceded the essential facts and instead sought to discuss payment options.

17.    A chain of the relevant email correspondence showing participation and admission as to the relevant facts is attached as Exhibit C.

18.    When the parties failed to reach a settlement of the matter the Beth Din issued the Psak arbitration Award (the "Award") attached as Exhibit D in the amount of $1,101,925.95 in favor of JW. The Award was dated December 23, 2021 and was delivered that day by the Beth Din to all parties via email. Subsequently, the Beth Din had Exhibit D notarized at JW's Request. Weiss did not oppose any of these proceedings.

## The Pennsylvania Judgement

19.    On July 18, 2022, upon submissions made to the Court of Common Pleas for the County of Lockawana in the State of Pensylvania, Judgment was entered in the amount of $1,101,925.95 in favor of JW as against Weiss. A copy of the Judgement is attaches as Exhibit E.

20.    JW now seeks to confirm the award and enter Judgment within the State of New York.

21.    This proceeding is brought within one year of the delivery of the award.

## FOR A FIRST CAUSE OF ACTION
### (Confirmation of the Award and Entry of Judgment pursuant to CPLR Article 75)

22.    JW repeats and realleges the allegations contained in the foregoing paragraphs as if fully set forth herein.

23.    The Parties entered into an Agreement which contained provisions requiring the arbitration of the subject dispute.

24.    Weiss was served with a Notice to Arbitrate and failed to stay the matter pursuant to NY CPLR 7503(c).

25.    Weiss participated in the arbitration proceedings.

26.    The arbitrators issued an award in the amount of $1,101,925.95 in favor of

JW and against Weiss.

27.    Accordingly, JW is entitled to entry of Judgment in the amount of $1,101,925.95 accruing interest at 24% in accordance with the terms of the Agreement which specifically provided that such interest and related attorney fees shall continue to accrue until satisfaction of the judgment.

### FOR A SECOND CAUSE OF ACTION
### (Entry of Judgement based on Foreign Entry of Judgment)

28.    JW repeats and realleges the allegations contained in the foregoing paragraphs as if fully set forth herein.

29.    Despite notice to Weiss who is is a citizen of the State of Pennsylvania, Weiss has not appealed, opposed or otherwise contested the award or the Pennsylvania Judgment which is a final and enforceable final judgment in the State of Pennsylvania.

30.    Accordingly, the Pennsylvania Judgment and the arbitration award should be entered by this Court and the Pennsylvania Judgment should be given full faith and credit within the State of New York.

**WHEREFORE**, JW demands judgment against Weiss as follows:

(1) A Judgment in the amount of $1,101,925.95 accruing interest at 24% from the date of July 18, 2022; and

(2) Reasonable attorney's fees in connection with the collection of this Judgment;

(3) Plaintiff's fees, costs, and the disbursements of this action; and

(4) Such other and further relief as the Court deems just and proper.

Dated:  Toms River, New Jersey
        December 22, 2022

THE LAW OFFICE OF
ABRAHAM NEUHAUS, LLC
*Attorneys for Plaintiff Joel Wertzberger*


By: /S/ Abraham Neuhaus
        Abraham Neuhaus (AN 5030)
124 Benjamin Street
Toms River, New Jersey 08755
(845) 548-7284

TO:    Joel Weiss
       520 Jefferson Avenue
       Scranton, Pennsylvania 18510

## VERIFICATION

STATE OF NEW YORK          )
                           ) ss.:
COUNTY OF KINGS            )

I, the undersigned, being duly affirmed for religious reasons, depose and say: I am the plaintiff in this action. I have read the foregoing verified complaint and know the contents thereof; the same are true to my own knowledge, except as to those matters therein stated to be alleged on information and belief, and as to those matters I believe them to be true. I also declare under penalty of perjury pursuant 28 U.S. Code § 1746 that the foregoing verified complaint executed by me is true and correct.

Joel Wertzberger

Executed and affirmed to before me
this 22d day of December 2022

Notary Public

ABRAHAM NEUHAUS
NOTARY PUBLIC, State of New York
No. 01NE6255916
Qualified in Kings County
Commission Expires Feb. 13, 2024

7

# EXHIBIT A

This agreement ("Agreement") entered as of this 3rd day of May 2021 between Joel Wertzberger ("Client") on the one hand and Joel/Yoely Weiss ("Manager") residing at 520 Jefferson Avenue, Scranton, Pennsylvania 18510 on the other hand. Each of the parties a "Party" and collectively the "Parties."

NOW, THEREFORE for good and valuable consideration, the receipt of which is hereby acknowledged, the parties agree as follows:

(1) Manager will manage Client's trading account ending number 6649 containing $1,000,000.00 for one year.

(2) Disbursements and Remuneration: Commencing September 1, 2021 and on the first of the month every three months thereafter, either Party can require a disbursement of profits above $1.25 million (in the event of liquidation, Manager is entitled to his interest in the $250,000 as well): Manager is entitled to a fee of 50% of all such profits.

(3) Manager, absolutely and unconditionally and irrevocably undertakes and guaranties to immediately replenish any funds lost from Client's trading account (from Manager's own funds) if: (i) Client's trading account dips 10 percent below $1,000,000.00 for a period of three business days, but only until Client receives returns of $1 million, or (ii) in the event that Client's trading account is negative, for a period of three business days.

(4) Any funds added by Manager should be returned prior to distributing any profits. Or of the account goes positive the amount sent by the Manager for more then 3 business days.
Manager's failure to immediately replenish funds WITH TIME OF THE ESSENCE, will constitute a material default of this Agreement and Client will be entitled to collect damages (the funds missing pursuant to sections (i) or (ii)), plus a default interest rate of 24% per annum. With respect to any default under this Agreement, Client will be entitled to reasonable attorney fees and costs of collection and enforcement and/or judgment collection and any such judgment will continue to incur interest (post-judgment) at the default interest rate specified herein.

(5) The parties can terminate this Agreement without penalty with two week's written notice, except that if the Manager is seeking to terminate the Agreement, Manager must first liquidate all open positions and may not terminate the Agreement if Manager owes Client any money under this Agreement, including but not limited to Section 3 (i) or (ii).

(6) Notice by email shall suffice. If to Client: joyland@gmail.com. If to Manager to yoelsweiss@gmail.com.

(7) This Agreement shall not be construed as a partnership agreement except only to the extent necessary under Jewish ribis rules as this agreement is entered into al pi heter iska of the maharam but is not otherwise a joint venture or a partnership agreement.

(8) The parties agree that in the event of any and all disputes or controversies which develop in connection with, or resulting from or relating to, this Agreement (the "Controversy"), the Controversy will be exclusively submitted to binding arbitration before the Bais Din of America. At such arbitration, the parties waive compliance with CPLR 7506 (a-c) except for the right to be represented by counsel (CPLR 7506(d)) which may not be waived. All arbitration hearings may be held in an informal setting, via telephone, email, or otherwise. Service of all papers via email is permitted. The final or partial award may be confirmed in the

Supreme Court, County of New York or Kings or if applicable, a federal court sitting therein, all of which shall have personal jurisdiction of the Parties.

(9) Manager may not assign his rights under this Agreement and any such assignment is void.

(10)     This Agreement contains the entire agreement among the Parties with respect to the subject matter of this Agreement and supersedes each course of conduct previously pursued or acquiesced in, and each oral agreement and representation previously made, by the Parties with respect thereto, whether or not relied or acted upon. No course of performance or other conduct subsequently pursued or acquiesced in, and no oral agreement or representation subsequently made, by the Parties, whether or not relied or acted upon, and no usage of trade, whether or not relied or acted upon, shall amend this Agreement or impair or otherwise affect any Party's obligations pursuant to this Agreement or any rights and remedies of a Party pursuant to this Agreement. No amendment to this Agreement shall be effective unless made in a writing duly executed by all of the Parties.

(11)     No failure of a Party to exercise, and no delay by a Party in exercising, any right or remedy under this Agreement shall constitute a waiver of such right or remedy. No waiver by a Party of any such right or remedy under this Agreement shall be effective unless made in a writing duly executed by all of the Parties and specifically referring to each such right or remedy being waived.

(12)     Severability. Whenever possible, each provision of this Agreement shall be interpreted in such a manner as to be effective and valid under applicable law. However, if any provision of this Agreement shall be prohibited by or invalid under such law, it shall be deemed modified to conform to the minimum requirements of such law or, if for any reason it is not deemed so modified, it shall be prohibited or invalid only to the extent of such prohibition or invalidity without the remainder thereof or any other such provision being prohibited or invalid.

(13)     Counterparts. This Agreement may be executed in counterparts, each of which shall be deemed an original and all of which shall constitute one and the same instrument. A facsimile or electronic mail signature hereof shall be deemed an original.

(14)     Governing Law. This Agreement shall be governed by, and interpreted and construed in accordance with Jewish Law (Shulchan Aruch) and where necessary, the laws of the State of New York, without regard to principles of conflict of laws.

(15)     Further Assurances. Each Party agrees to do such things, perform such acts, and make, execute, acknowledge, and deliver such documents as may be reasonably necessary and customary to carry out the intent and purposes of this Agreement, so long as any of the foregoing do not materially increase any Party's obligations hereunder or materially decrease any Party's rights hereunder.

(16)     Joint Preparation. Each party agrees that, each party has been or has had the opportunity to be represented by independent counsel in connection with the negotiation and execution of this Agreement and they have jointly prepared and approved the language, terms and content of each of the provisions in this Agreement and that should any dispute arise concerning the interpretation of any provision hereof, any such language shall not be presumptively construed in favor of or against any party.

(17)     Voluntary And Knowing Agreement. By their authorized signatures below, the parties certify that they have carefully read and fully considered the terms of this Agreement, that they

have had an opportunity to discuss these terms with attorneys or advisors of their own choosing, that they agree to all of the terms of this Agreement, that they intend to be bound by them and to fulfill the promises and agreements set forth herein, and that they voluntarily and knowingly enter into this Agreement with a full understanding of its binding legal consequences.

(18)    No condition or provisions of this Agreement shall be invalid under the doctrine of T'nai Koffel or any other halachic ground, all of which are hereby waived. The Parties bind themselves from this very moment and onwards with a proper Kinyan, to all the terms and provisions of the paragraphs set forth above and full and complete content of this Note with total awareness under the doctrines of Bais Din Chashuv, Ofen HaMoel, Lo K'Asmachata U'Delo Ketufsa Deshtara and HaKol Shorir V"kayom.

IN WITNESS WHEREOF, the parties have signed or caused this Agreement to be duly signed as of the date first above written.

_____
Joel Wertzberger

_____
Joel Weiss

STATE OF NEW YORK       )
                        ) ss.:
COUNTY OF _____       )

3

On this 11th day of _May_ in the year 2021, before me, the undersigned personally appeared [ Joel Weitzner ], personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person on behalf of which the individual acted, executed the instrument.

Notary Public

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF King       )

ABRAHAM NEUHAUS
NOTARY PUBLIC, State of New Yor
No. 01NE6255916
Qualified in Kings County
Commission Expires Feb. 13, 2024

On this 11 day of _May_ in the year 2021, before me, the undersigned personally appeared [ Joel Weiss ], personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person on behalf of which the individual acted, executed the instrument.

Notary Public

ABRAHAM NEUHAUS
NOTARY PUBLIC, State of New York
No. 01NE6255916
Qualified in Kings County
Commission Expires Feb. 13, 2024

4

# EXHIBIT B

SUPREME COURT OF THE STATE OF NEW YORK

COUNTY OF KINGS

**Plaintiff / Petitioner:**

Joel Wertzberger,

**Defendant / Respondent:**

Yoel Weiss,

**AFFIDAVIT OF SERVICE**

Index No:
DT-2021-00094

The undersigned being duly sworn, deposes and says; deponent is not a party herein, is over 18 years of age and resides at PO Box 131, Lakewood, NJ 08701 . That on Tue, Sep 21 2021 AT 11:57 AM AT 520 Jefferson Ave, Scranton, PA 18510 deponent served the within NOTICE OF INTENTION TO ARBITRATE on Joel / Yoely Weiss

[X] **Individual:** by delivering a true copy of each to said defendant, personally; deponent knew the person so served to be the person described as said defendant therein.

[ ] **Corporation:** _____ a defendant, therein named, by delivering a true copy of each to _____ personally, deponent knew said corporation so served to be the corporation described, and knew said individual to be _____ thereof.

[ ] **Suitable Person:** by delivering thereat, a true copy of each to _____ a person of suitable age and discretion.

[ ] **Affixing to Door:** by affixing a true copy of each to the door thereof, deponent was unable with due diligence to find defendant, or a person of suitable age or discretion thereat, having called thereon; at

[ ] **Mailing:** Deponent also enclosed a copy of same, in a postpaid sealed wrapper properly addressed to said defendant at defendant's last known residence, _____, and depositing said wrapper in a post office, official depository under the exclusive care and custody of the United States Post Office, department, with New York State. Mailed on _____.

[X] **Military Service:** I asked the person spoken to whether defendant was in active military service of the United States or of the State of New York in any capacity whatever and received a negative reply. *Defendant wore ordinary civilian clothes and no military uniform.* The source of my information and the ground of my belief are the conversations and observations above narrated. Upon information and belief I aver that the defendant is not in the military service of New York State or of the United States as that term is defined in either the State or in the Federal statutes.

**Description:**

| | | | |
|---|---|---|---|
| Age:  30 | Ethnicity:  Caucasian | Gender:  Male | Weight:  210 |
| Height:  6'1" | Hair:  Black | Eyes: | Relationship: |
| Other   No glasses. Personal service. | | | |

_____
**Brian Duffy**

Sworn to before me on *September 30, 2021*

_____
Notary Public

**YISROEL A. SIMON**
NOTARY PUBLIC, State of New York
No. 01SI6117044
Qualified in Kings County
Commission Expires April 12, 20 2 5

Joel / Yoely Weiss
520 Jefferson Avenue
Scranton, Pennsylvania 18510
Email: yoelsweiss@gmail.com                                   September 17, 2021

## <u>NOTICE OF INTENTION TO ARBITRATE</u>

Dear Mr. Weiss:

As my attorney Abraham Neuhaus explained in prior email correspondence, pursuant to our agreement dated May 3, 2021 (attached) at paragraph eight, I intend to arbitrate any and all controversies between us before the Bais Din of America. I, therefore, provide this Notice of Intention to Arbitrate my damages in excess of a million dollars, as permitted under our agreement, the precise amount to be determined at the arbitration hearing, to be held via Zoom on October 14, 2021 at 3:30 p.m.

The arbitration will take place pursuant to the Bais Din instructions. The Bais Din of America has provided the following instructions to attend the zoom hearing: "Beth Din of America is inviting you to a scheduled Zoom meeting. Topic: DT-2021-00094 Wertzberger vs. Weiss, Time: Oct 14, 2021 03:30 PM Eastern Time (US and Canada), Join Zoom Meeting, https://us02web.zoom.us/j/89810657399." See attached for the complete set of instructions.

Please be advised that relevant portions of New York C.P.L.R. 7503(c) provides:

(c) Notice of intention to arbitrate. A party may serve upon another party a demand for arbitration or a notice of intention to arbitrate, specifying the agreement pursuant to which arbitration is sought and the name and address of the party serving the notice . . . and stating that unless the party served applies to stay the arbitration within twenty days after such service he shall thereafter be precluded from objecting that a valid agreement was not made or has not been complied with and from asserting in court the bar of a limitation of time. . . An application to stay arbitration must be made by the party served within twenty days after service upon him of the notice or demand, or he shall be so precluded. . . ."

Thus, please take notice that unless you apply to stay the arbitration within twenty days after such service you shall thereafter be precluded from objecting that a valid agreement was not made or has not been complied with and from asserting in court the bar of a limitation of time.

Very truly yours,

Joel Wertzberger

Joel Wertzberger
1460 ████ 58th Street
Brooklyn, New York 11219
Email: joyland@gmail.com

This agreement ("Agreement") entered as of this 3rd day of May 2021 between Joel Wertzberger ("Client") on the one hand and Joel/Yoely Weiss ("Manager") residing at 520 Jefferson Avenue, Scranton, Pennsylvania 18510 on the other hand. Each of the parties a "Party" and collectively the "Parties."

NOW, THEREFORE for good and valuable consideration, the receipt of which is hereby acknowledged, the parties agree as follows:

(1) Manager will manage Client's trading account ending number 6649 containing $1,000,000.00 for one year.

(2) Disbursements and Remuneration: Commencing September 1, 2021 and on the first of the month every three months thereafter, either Party can require a disbursement of profits above $1.25 million (in the event of liquidation, Manager is entitled to his interest in the $250,000 as well): Manager is entitled to a fee of 50% of all such profits.

(3) Manager, absolutely and unconditionally and irrevocably undertakes and guaranties to immediately replenish any funds lost from Client's trading account (from Manager's own funds) if: (i) Client's trading account dips 10 percent below $1,000,000.00 for a period of three business days, but only until Client receives returns of $1 million, or (ii) in the event that Client's trading account is negative, for a period of three business days.

(4) Any funds added by Manager should be returned prior to distributing any profits. Or of the account goes positive the amount sent by the Manager for more then 3 business days.
Manager's failure to immediately replenish funds WITH TIME OF THE ESSENCE, will constitute a material default of this Agreement and Client will be entitled to collect damages (the funds missing pursuant to sections (i) or (ii)), plus a default interest rate of 24% per annum. With respect to any default under this Agreement, Client will be entitled to reasonable attorney fees and costs of collection and enforcement and/or judgment collection and any such judgment will continue to incur interest (post-judgment) at the default interest rate specified herein.

(5) The parties can terminate this Agreement without penalty with two week's written notice, except that if the Manager is seeking to terminate the Agreement, Manager must first liquidate all open positions and may not terminate the Agreement if Manager owes Client any money under this Agreement, including but not limited to Section 3 (i) or (ii).

(6) Notice by email shall suffice. If to Client: joyland@gmail.com. If to Manager to yoelsweiss@gmail.com.

(7) This Agreement shall not be construed as a partnership agreement except only to the extent necessary under Jewish ribis rules as this agreement is entered into al pi heter iska of the maharam but is not otherwise a joint venture or a partnership agreement.

(8) The parties agree that in the event of any and all disputes or controversies which develop in connection with, or resulting from or relating to, this Agreement (the "Controversy"), the Controversy will be exclusively submitted to binding arbitration before the Bais Din of America. At such arbitration, the parties waive compliance with CPLR 7506 (a-c) except for the right to be represented by counsel (CPLR 7506(d)) which may not be waived. All arbitration hearings may be held in an informal setting, via telephone, email, or otherwise. Service of all papers via email is permitted. The final or partial award may be confirmed in the

Supreme Court, County of New York or Kings or if applicable, a federal court sitting therein, all of which shall have personal jurisdiction of the Parties.

(9) Manager may not assign his rights under this Agreement and any such assignment is void.

(10) This Agreement contains the entire agreement among the Parties with respect to the subject matter of this Agreement and supersedes each course of conduct previously pursued or acquiesced in, and each oral agreement and representation previously made, by the Parties with respect thereto, whether or not relied or acted upon. No course of performance or other conduct subsequently pursued or acquiesced in, and no oral agreement or representation subsequently made, by the Parties, whether or not relied or acted upon, and no usage of trade, whether or not relied or acted upon, shall amend this Agreement or impair or otherwise affect any Party's obligations pursuant to this Agreement or any rights and remedies of a Party pursuant to this Agreement. No amendment to this Agreement shall be effective unless made in a writing duly executed by all of the Parties.

(11) No failure of a Party to exercise, and no delay by a Party in exercising, any right or remedy under this Agreement shall constitute a waiver of such right or remedy. No waiver by a Party of any such right or remedy under this Agreement shall be effective unless made in a writing duly executed by all of the Parties and specifically referring to each such right or remedy being waived.

(12) Severability. Whenever possible, each provision of this Agreement shall be interpreted in such a manner as to be effective and valid under applicable law. However, if any provision of this Agreement shall be prohibited by or invalid under such law, it shall be deemed modified to conform to the minimum requirements of such law or, if for any reason it is not deemed so modified, it shall be prohibited or invalid only to the extent of such prohibition or invalidity without the remainder thereof or any other such provision being prohibited or invalid.

(13) Counterparts. This Agreement may be executed in counterparts, each of which shall be deemed an original and all of which shall constitute one and the same instrument. A facsimile or electronic mail signature hereof shall be deemed an original.

(14) Governing Law. This Agreement shall be governed by, and interpreted and construed in accordance with Jewish Law (Shulchan Aruch) and where necessary, the laws of the State of New York, without regard to principles of conflict of laws.

(15) Further Assurances. Each Party agrees to do such things, perform such acts, and make, execute, acknowledge, and deliver such documents as may be reasonably necessary and customary to carry out the intent and purposes of this Agreement, so long as any of the foregoing do not materially increase any Party's obligations hereunder or materially decrease any Party's rights hereunder.

(16) Joint Preparation. Each party agrees that, each party has been or has had the opportunity to be represented by independent counsel in connection with the negotiation and execution of this Agreement and they have jointly prepared and approved the language, terms and content of each of the provisions in this Agreement and that should any dispute arise concerning the interpretation of any provision hereof, any such language shall not be presumptively construed in favor of or against any party.

(17) Voluntary And Knowing Agreement. By their authorized signatures below, the parties certify that they have carefully read and fully considered the terms of this Agreement, that they

have had an opportunity to discuss these terms with attorneys or advisors of their own choosing, that they agree to all of the terms of this Agreement, that they intend to be bound by them and to fulfill the promises and agreements set forth herein, and that they voluntarily and knowingly enter into this Agreement with a full understanding of its binding legal consequences.

(18)    No condition or provisions of this Agreement  shall be invalid under the doctrine of T'nai Koffel or any other halachic ground, all of which are hereby waived. The Parties bind themselves from this very moment and onwards with a proper Kinyan, to all the terms and provisions of the paragraphs set forth above and full and complete content of this Note with total awareness under the doctrines of Bais Din Chashuv, Ofen HaMoel, Lo K'Asmachata U'Delo Ketufsa Deshtara and HaKol Shorir V"kayom.

IN WITNESS WHEREOF, the parties have signed or caused this Agreement to be duly signed as of the date first above written.

_____
Joel Wertzberger

_____
Joel Weiss

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF _____    )

3

On this 11th day of *May* in the year 2021, before me, the undersigned personally appeared [ *Joel Weitzner* ], personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person on behalf of which the individual acted, executed the instrument.

Notary Public

STATE OF NEW YORK    )
                     )  ss.:
COUNTY OF *Kings*    )

ABRAHAM NEUHAUS
NOTARY PUBLIC, State of New Yo
No. 01NE6255916
Qualified in Kings County
Commission Expires Feb. 13, 2024

On this 11 day of *May* in the year 2021, before me, the undersigned personally appeared [ *Joel Weiss* ], personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person on behalf of which the individual acted, executed the instrument.

Notary Public

ABRAHAM NEUHAUS
NOTARY PUBLIC, State of New York
No. 01NE6255916
Qualified in Kings County
Commission Expires Feb. 13, 2024

4

 Gmail

Abraham Neuhaus <abeneuhausesq@gmail.com>

## DT-2021-00094 Wertzberger vs. Weiss

**Cindy Frankel** <cfrankel@bethdin.org>                                      Fri, Sep 17, 2021 at 11:52 AM
To: Abraham Neuhaus <abeneuhausesq@gmail.com>, yoelsweiss@gmail.com, joyland@gmail.com
Cc: Michoel Zylberman <mzylberman@bethdin.org>

Dear Parties:

This shall confirm that the *din torah* (arbitration) hearing in this case before the Beth Din of America has been scheduled for **Thursday, October 14, via Zoom, beginning at 3:30pm.**

Beth Din of America is inviting you to a scheduled Zoom meeting.
Topic: DT-2021-00094 Wertzberger vs. Weiss
Time: Oct 14, 2021 03:30 PM Eastern Time (US and Canada)

Join Zoom Meeting
https://us02web.zoom.us/j/89810657399

Meeting ID: 898 1065 7399
One tap mobile
+19292056099,,89810657399# US (New York)
+13126266799,,89810657399# US (Chicago)

Dial by your location
        +1 929 205 6099 US (New York)
        +1 312 626 6799 US (Chicago)
        +1 301 715 8592 US (Washington DC)
        +1 346 248 7799 US (Houston)
        +1 669 900 6833 US (San Jose)
        +1 253 215 8782 US (Tacoma)
Meeting ID: 898 1065 7399
Find your local number: https://us02web.zoom.us/u/kNJzNpN1f

The fee for this hearing will be $360.00 per hour/per party (minimum one hour). You have received, or will shortly receive, an invoice asking for prepayment in the amount of $1,080, representing three hours of hearing time. Prior to the hearing, and **no later than Thursday, September 30, 2021,** the parties must each be current on their balance, including any prepayments due for the upcoming hearing. Any unexpended balance of prepaid fees will be returned to the parties at the conclusion of the *din torah.*

The *dayanim* (arbitrators) for this *din torah* hearing will be Rabbi Yoseph Greenwald, Rabbi Aryeh Lebowitz and Rabbi Shlomo Weissmann. The Beth Din reserves the right to change the *dayanim* prior to the hearing.

Please read this document for important information relating to dinei torah (arbitrations) at the Beth Din of America.

Thank you,
Cindy Frankel
Director of Operations
Beth Din of America
305 Seventh Avenue, 12th Floor
New York, New York 10001
T: (212) 807-9042 x 101  |  F: (212) 807-9183
cfrankel@bethdin.org

NOTE:  The information in this e-mail may be confidential and privileged.  If you are not the intended recipient, please refrain from reading, using or disseminating this e-mail, advise the sender immediately by reply e-mail, and delete this message and any attachments without retaining a copy.

On Mon, Aug 23, 2021 at 7:19 PM Cindy Frankel <cfrankel@bethdin.org> wrote:
Mr Weiss,
We are still waiting for you to let us know if the proposed dates work for you.
Cindy Frankel
Director of Operations
Beth Din of America
305 Seventh Avenue, 12th Floor
New York, New York 10001
T: (212) 807-9042 x 101  |  F: (212) 807-9183
cfrankel@bethdin.org

NOTE:  The information in this e-mail may be confidential and privileged.  If you are not the intended recipient, please refrain from reading, using or disseminating this e-mail, advise the sender immediately by reply e-mail, and delete this message and any attachments without retaining a copy.


On Fri, Aug 20, 2021 at 10:13 AM Cindy Frankel <cfrankel@bethdin.org> wrote:
Mr. Weiss,
Which of these dates work for you?


Cindy Frankel
Director of Operations
Beth Din of America
305 Seventh Avenue, 12th Floor
New York, New York 10001
T: (212) 807-9042 x 101  |  F: (212) 807-9183
cfrankel@bethdin.org

NOTE:  The information in this e-mail may be confidential and privileged.  If you are not the intended recipient, please refrain from reading, using or disseminating this e-mail, advise the sender immediately by reply e-mail, and delete this message and any attachments without retaining a copy.


On Wed, Aug 18, 2021 at 6:33 PM Abraham Neuhaus <abeneuhausesq@gmail.com> wrote:
Plaintiff is available on all of those dates. We would prefer a hearing by zoom as is authorized by the parties' arbitration agreement.

Thank you,

Abraham Neuhaus, Esq.
The Law Office Of Abraham Neuhaus LLC
124 Benjamin Street
Toms River, New Jersey 08755
Cel: (845) 548-7284
Fax: (646) 349-1381


On Aug 16, 2021, at 2:32 PM, Cindy Frankel <cfrankel@bethdin.org> wrote:


Dear Parties,

We would like to begin the process of scheduling a hearing in this case. Please let us know by Thursday, 8/19//21, which three available dates work for you for the week of August 30th, 9/13 and 9/14. Once we have received responses from each of the parties and from *dayanim* (arbitrators), we will get back to you to confirm the date and time of the hearing.

9/17/21, 3:36 PM Gmail - DT-2021-0004 Wertzberger vs. Weiss

Case 1:22-cv-07822-DLI-CLP     Document 1     Filed 12/22/22     Page 22 of 59 PageID #: 22

Thank you,
Cindy Frankel
Director of Operations
Beth Din of America
305 Seventh Avenue, 12th Floor
New York, New York 10001
T: (212) 807-9042 x 101  |  F: (212) 807-9183
cfrankel@bethdin.org

NOTE:  The information in this e-mail may be confidential and privileged.  If you are not the intended recipient, please refrain from reading, using or disseminating this e-mail, advise the sender immediately by reply e-mail, and delete this message and any attachments without retaining a copy.

**BETH DIN** *of* **AMERICA**
בית דין דאמריקא

| | | | |
|---|---|---|---|
| Rabbi Moshe Steinberg, *זצ״ל* | Rabbi Jonathan Reiss | הרב יונה ריס | הרב משה שטיינברג, זצ״ל |
| *Founding Av Beth Din* | *Chaver Beth Din* | חבר בית דין | אב בית דין הראשון |
| Rabbi Gedalia Dov Schwartz | Rabbi Shlomo Weissmann | הרב שלמה וייסמאן | הרב גדלי׳ דוב שווארץ |
| *Av Beth Din* | *Director* | מנהל | אב בית דין |
| Rabbi Mordechai Willig | | | הרב מרדכי וויליג |
| *Assistant Av Beth Din* | | | סגן אב בית דין |

### Guidelines for *Din Torah* (Arbitration) Litigants and Attorneys

These guidelines are intended for parties and attorneys arbitrating in *dinei torah* before the Beth Din of America.  Please note that this document is for guidance only, and *din torah* proceedings are governed solely by the Beth Din's Rules and Procedures, which are available at www.bethdin.org/forms.

Number of Dayanim.  As provided in the Rules and Procedures, if the amount in dispute is equal to or more than $20,000, the matter is generally heard by three *dayanim* (arbitrators) and if the amount in dispute is less than $20,000, the matter is generally heard by a single *dayan*.  By mutual agreement, parties can request for a small claim to be heard by three *dayanim*, or for a large claim to be heard by one *dayan*.  If you wish to make such a request, please let the Beth Din office know before the matter is scheduled.

Scheduling Hearings.  Shortly after its receipt of a signed *shtar berurin* (arbitration agreement), the Beth Din office will reach out to the parties or their counsel to begin the process of scheduling a hearing.  Please try to respond promptly to scheduling inquiries, and with the maximum number of dates of availability.  The more flexible you are in providing dates, the easier it will be to schedule a hearing.

Pre-hearing Submissions.  Cases at the Beth Din are typically organized in one of two ways:

*Streamlined Cases*.  Typically (but not limited to) cases involving amounts in controversy lower than $100,000.  Once an arbitration agreement has been signed, parties appear at the hearing and present their arguments and any testimony or evidence, without preliminary sharing of information or arguments.

*Structured Cases*.  Typically (but not limited to) cases involving amounts in controversy in excess of $100,000.  Parties mutually agree that prior to the initial hearing they will prepare and exchange written statements of facts outlining their cases.  The *dayanim* (arbitrators) review the submissions prior to the first hearing.  The submission schedule is arranged in consultation with the parties and their counsel either by email or through a pre-hearing conference call with the Beth Din's administrative staff.

**By default, cases are streamlined** unless the parties agree otherwise.  If you wish for your case to be structured, kindly let us know that before the first hearing is scheduled.

305 Seventh Avenue, 12th Floor • New York, NY 10001-6008 • 212.807.9042 tel • 212.807.9183 fax • info@bethdin.org • www.bethdin.org

Affiliated with the Rabbinical Council of America | Sponsored by the Union of Orthodox Jewish Congregations of America | Incorporated as Beth Din of the United States of America

<u>Submissions at Hearings</u>.  As part of your case, you may wish to present written evidence or other submissions to the *dayanim*.  Please make sure to bring five (5) copies of anything you will be submitting (one for you, one for the opposing party, and one for each *dayan*).

<u>Online Appearance</u>.  Especially in small cases, one or both parties may prefer to appear before the Beth Din via video teleconference rather than in person.  Please let the Beth Din office know if you are interested in such an arrangement.

<u>List of Attorneys</u>.  The Beth Din maintains a list of attorneys who have represented parties in dinei torah before the Beth Din, available at www.bethdin.org/forms.  If you are an attorney and wish to be included on the list, please send an email to info@bethdin.org with that request.

<u>Cancellations</u>.  If you need to cancel a scheduled hearing, please do so by email, with a cc to all of the email addresses that were included in the original scheduling email.  Cancellations within 24 hours of a scheduled hearing will incur a **cancellation fee** equal to the cost of one hour of hearing time.

<u>Location of Hearings</u>.  Please note that hearings typically take place at the offices of the Beth Din at **305 Seventh Avenue (between 27th and 28th Streets), New York, New York, on the 12th floor**.  However, please **pay attention to the address on your hearing confirmation** since some hearings take place at the Glueck Center of Yeshiva University, 515 West 185th Street, between Amsterdam and Audubon Avenues, on the 5th floor (when you exit the elevator, walk straight down the long hallway, bear right at the end, then turn left and walk straight to the entrance of the courtroom).

# EXHIBIT C



Abraham Neuhaus <abeneuhausesq@gmail.com>

---

### DT-2021-00094 Wertzberger vs. Weiss

**Rabbi Shlomo Weissmann** <sweissmann@bethdin.org>          Fri, Dec 24, 2021 at 10:46 AM
To: Joel Wertzberger <joyland@gmail.com>
Cc: Abraham Neuhaus <abeneuhausesq@gmail.com>, Yoel Weiss <yoelsweiss@gmail.com>

Thank you.

Rabbi Shlomo Weissmann
Director
Beth Din of America
305 Seventh Avenue, 12th Floor
New York, New York 10001
T: (212) 807-9042 x 101  |  F: (212) 807-9183
sweissmann@bethdin.org
@ShlomoWeissmann

NOTE:  The information in this e-mail may be confidential and privileged.  If you are not the intended recipient, please refrain from reading, using or disseminating this e-mail, advise the sender immediately by reply e-mail, and delete this message and any attachments without retaining a copy.

📭 I'm using Inbox When Ready to protect my focus.

On Fri, Dec 24, 2021 at 1:04 AM Joel Wertzberger <joyland@gmail.com> wrote:
> Plus interest thereunder.
>
>> On Thu, Dec 23, 2021, 4:40 PM Abraham Neuhaus <abeneuhausesq@gmail.com> wrote:
>> No. The total amount we are seeking is the number we all agreed to and is the $1,101,925.95. Not an additional million.
>>
>> Abraham Neuhaus, Esq.
>> The Law Office Of Abraham Neuhaus LLC
>> 124 Benjamin Street
>> Toms River, New Jersey 08755
>> Cel: (845) 548-7284
>> Fax: (646) 349-1381
>>
>>
>>> On Dec 23, 2021, at 4:34 PM, Rabbi Shlomo Weissmann <sweissmann@bethdin.org> wrote:
>>>
>>>
>>> We are going to ask the question by email.  Here is the question: The guaranty contained in the agreement states an obligation to "replenish any funds lost."  Is the plaintiff claiming that $1,101,925.95 to bring the account to zero, or is the claim for that amount, plus an additional $1,000,000 to replenish the lost principal?  The plaintiff is invited to submit an answer to this question, after which the defendant will have the opportunity to respond.
>>>
>>> Rabbi Shlomo Weissmann
>>> Director
>>> Beth Din of America
>>> 305 Seventh Avenue, 12th Floor
>>> New York, New York 10001
>>> T: (212) 807-9042 x 101  |  F: (212) 807-9183
>>> sweissmann@bethdin.org
>>> @ShlomoWeissmann
>>>
>>>
>>> NOTE:  The information in this e-mail may be confidential and privileged.  If you are not the intended recipient, please refrain from reading, using or disseminating this e-mail, advise the sender immediately by reply e-mail, and delete this message and any attachments without retaining a copy.
>>>
>>> 📭 I'm using Inbox When Ready to protect my focus.
>>>
>>> On Tue, Dec 21, 2021 at 7:46 AM Yoel Weiss <yoelsweiss@gmail.com> wrote:
>>>> Hi good morning if you can please ask the question by email thank you
>>>>
>>>> On Mon, Dec 20, 2021, 4:46 PM Rabbi Shlomo Weissmann <sweissmann@bethdin.org> wrote:

The psak is ready to be issued, but we had one question about a detail that we wanted to ask the parties before we issue the psak.  Please let me know when you are available for a very brief Zoom call.

Rabbi Shlomo Weissmann
Director
Beth Din of America
305 Seventh Avenue, 12th Floor
New York, New York 10001
T: (212) 807-9042 x 101  |  F: (212) 807-9183
sweissmann@bethdin.org
@ShlomoWeissmann

NOTE:  The information in this e-mail may be confidential and privileged.  If you are not the intended recipient, please refrain from reading, using or disseminating this e-mail, advise the sender immediately by reply e-mail, and delete this message and any attachments without retaining a copy.

✉️ I'm using Inbox When Ready to protect my focus.

On Mon, Nov 22, 2021 at 5:48 PM Abraham Neuhaus <abeneuhausesq@gmail.com> wrote:
Yes. Thank you.

On Mon, Nov 22, 2021 at 5:46 PM Rabbi Shlomo Weissmann <sweissmann@bethdin.org> wrote:
Mr. Neuhaus:

Would you like us to issue a ruling at this time?

Rabbi Shlomo Weissmann
Director
Beth Din of America
305 Seventh Avenue, 12th Floor
New York, New York 10001
T: (212) 807-9042 x 101  |  F: (212) 807-9183
sweissmann@bethdin.org
@ShlomoWeissmann

NOTE:  The information in this e-mail may be confidential and privileged.  If you are not the intended recipient, please refrain from reading, using or disseminating this e-mail, advise the sender immediately by reply e-mail, and delete this message and any attachments without retaining a copy.

✉️ I'm using Inbox When Ready to protect my focus.

On Mon, Nov 8, 2021 at 10:56 AM Rabbi Shlomo Weissmann <sweissmann@bethdin.org> wrote:
Mr. Weiss:

We are prepared to issue a ruling based on the hearing that took place, although we are also prepared to keep the record open for a little longer, in case you believe you have information that you believe we should be aware of before ruling.  Do you want to appear at a Zoom hearing?  Do you want to send us your arguments in writing?  Please let us know how you would like to proceed by no later than November 11, 2021.  If we do not hear from you, we will proceed by issuing a ruling within a few days after November 11th.

Rabbi Shlomo Weissmann
Director
Beth Din of America
305 Seventh Avenue, 12th Floor
New York, New York 10001
T: (212) 807-9042 x 101 |  F: (212) 807-9183
sweissmann@bethdin.org
@ShlomoWeissmann

NOTE:  The information in this e-mail may be confidential and privileged.  If you are not the intended recipient, please refrain from reading, using or disseminating this e-mail, advise the sender immediately by reply e-mail, and delete this message and any attachments without retaining a copy.

✉️ I'm using Inbox When Ready to protect my focus.

On Wed, Nov 3, 2021 at 6:37 PM Abraham Neuhaus <abeneuhausesq@gmail.com> wrote:
Dear Dayanim:

Can we please move this Din Torah forward towards conclusion? If Mr. Weiss still seeks additional hearings on his arguments, he can email the arguments pursuant to a submission and reply date. In the event that a formal

12/20/22, 4:33 PM          Gmail - DT-2021 Lieberzerger vs. Weiss

Case 1:22-cv-07822-DLI-CLP    Document 1-1    Filed 12/23/22    Page 28 of 59 PageID #: 28

hearing is requested, I am generally available.

Respectfully,

Abraham Neuhaus

On Tue, Oct 19, 2021 at 11:27 AM Rabbi Shlomo Weissmann <sweissmann@bethdin.org> wrote:
> Mr. Weiss, since my sense from your emails is that the facts of the case are mostly not in dispute, perhaps you
> should first be in touch with Mr. Neuhaus to see if you can negotiate an arrangement.
>
> Rabbi Shlomo Weissmann
> Director
> Beth Din of America
> 305 Seventh Avenue, 12th Floor
> New York, New York 10001
> T: (212) 807-9042 x 101 | F: (212) 807-9183
> sweissmann@bethdin.org
> @ShlomoWeissmann
>
>
> NOTE:  The information in this e-mail may be confidential and privileged.  If you are not the intended recipient,
> please refrain from reading, using or disseminating this e-mail, advise the sender immediately by reply e-mail,
> and delete this message and any attachments without retaining a copy.
>
>
>   ✉  I'm using Inbox When Ready to protect my focus.
>
> On Tue, Oct 19, 2021 at 11:16 AM Yoel Weiss <yoelsweiss@gmail.com> wrote:
> > Please let me know which date would be OK for a new scheduled hearing thanks
> >
> >   On Tue, Oct 19, 2021, 10:57 AM Rabbi Shlomo Weissmann <sweissmann@bethdin.org> wrote:
> >   > We just shared the recording with Mr. Weiss.  Mr. Weiss, please advise if you are asking for another
> >   > hearing before the panel.  In any event, if both parties are amenable to reaching a settlement we strongly
> >   > encourage that.  Otherwise, we will continue to work on the psak.
> >   >
> >   > Rabbi Shlomo Weissmann
> >   > Director
> >   > Beth Din of America
> >   > 305 Seventh Avenue, 12th Floor
> >   > New York, New York 10001
> >   > T: (212) 807-9042 x 101 | F: (212) 807-9183
> >   > sweissmann@bethdin.org
> >   > @ShlomoWeissmann
> >   >
> >   >
> >   > NOTE:  The information in this e-mail may be confidential and privileged.  If you are not the intended
> >   > recipient, please refrain from reading, using or disseminating this e-mail, advise the sender immediately by
> >   > reply e-mail, and delete this message and any attachments without retaining a copy.
> >   >
> >   >
> >   >   ✉  I'm using Inbox When Ready to protect my focus.
> >   >
> >   > On Mon, Oct 18, 2021 at 4:29 PM Abraham Neuhaus <abeneuhausesq@gmail.com> wrote:
> >   > > If the Bais Din would like to schedule a hearing, I am generally available. I would also note that under the
> >   > > parties' arbitration agreement a hearing "via email" is permitted and thus these emails constitute a
> >   > > hearing.
> >   > > As the only matters that appear to be at issue are the interest and a request for a payment plan (Mr.
> >   > > Weiss concedes the amount of damages), perhaps Mr. Weiss can propose his arguments against the
> >   > > interest and present his ideas on a payment plan, via email.
> >   > >
> >   > > Respectfully,
> >   > >
> >   > > Abraham Neuhaus, Esq.
> >   > > The Law Office Of Abraham Neuhaus LLC
> >   > > 124 Benjamin Street
> >   > > Toms River, New Jersey 08755
> >   > > Cel: (845) 548-7284
> >   > > Fax: (646) 349-1381
> >   > >
> >   > >   On Oct 18, 2021, at 3:40 PM, Rabbi Shlomo Weissmann <sweissmann@bethdin.org>
> >   > >   wrote:

Mr. Weiss, please let me know if you would like to access the recording of last week's hearing.
Rabbi Shlomo Weissmann
Director
Beth Din of America
305 Seventh Avenue, 12th Floor
New York, New York 10001
T: (212) 807-9042 x 101  |  F: (212) 807-9183
sweissmann@bethdin.org
@ShlomoWeissmann


NOTE:  The information in this e-mail may be confidential and privileged.  If you are not the intended recipient, please refrain from reading, using or disseminating this e-mail, advise the sender immediately by reply e-mail, and delete this message and any attachments without retaining a copy.


📧 I'm using Inbox When Ready to protect my focus.

On Thu, Oct 14, 2021 at 10:33 PM Yoel Weiss <yoelsweiss@gmail.com> wrote:
> After reviewing his proposed order I am disputing the interest amount I am not disputing the amount of the loss And I would like to come up with a payment arrangement
>
> Thanks
>
> On Thu, Oct 14, 2021, 7:56 PM Yoel Weiss <yoelsweiss@gmail.com> wrote:
>> I was looking to call in and be on the zoom meeting so I could understand how this process works  The previous email said it was canceled you responded earlier today that it's on for 3:30 please let me know about rescheduling so I can try to resolve it
>>
>> Thanks
>>
>> On Thu, Oct 14, 2021, 7:33 PM Abraham Neuhaus <abeneuhausesq@gmail.com> wrote:
>>> Yoel,
>>>
>>> Preserving all of my clients rights and without waiving any claims, I asked the bais din for an award on the $1,101,925.95. You can look at the proposed award I submitted which summarizes my client's position. Bais din said they would send a transcript of what was discussed to you as well.
>>>
>>> What are you looking to do? Are you contesting something in my proposed award? Are you proposing a settlement? If you just want to know what was discussed you will see a transcript.
>>>
>>> Please be clear so that we can figure out next steps.
>>>
>>> Thank you,
>>>
>>>
>>> Abraham Neuhaus, Esq.
>>> The Law Office Of Abraham Neuhaus LLC
>>> 124 Benjamin Street
>>> Toms River, New Jersey 08755
>>> Cel: (845) 548-7284
>>> Fax: (646) 349-1381
>>>
>>>
>>>> On Oct 14, 2021, at 7:14 PM, Yoel Weiss <yoelsweiss@gmail.com> wrote:
>>>>
>>>> I just saw the email email please let me know what I should do I thought the meeting was canceled for today
>>>>
>>>> Thanks
>>>>
>>>> On Thu, Oct 14, 2021, 3:59 PM Abraham Neuhaus <abeneuhausesq@gmail.com> wrote:
>>>>> Please see the attached.

On Thu, Oct 14, 2021 at 2:41 PM Abraham Neuhaus <abeneuhausesq@gmail.com> wrote:

Thank you

On Thu, Oct 14, 2021 at 2:38 PM Micheol Zylberman <mzylberman@bethdin.org> wrote:

Confirmed

On Thu, Oct 14, 2021 at 2:37 PM Abraham Neuhaus <abeneuhausesq@gmail.com> wrote:

I am confirming for 3:30. Please confirm that we are proceeding as scheduled.

Thank you,

Abraham Neuhaus, Esq.
The Law Office Of Abraham Neuhaus LLC
124 Benjamin Street
Toms River, New Jersey 08755
Cel: (845) 548-7284
Fax: (646) 349-1381

On Oct 8, 2021, at 4:27 PM, Cindy Frankel <cfrankel@bethdin.org> wrote:

Dear Parties:

We are writing regarding the upcoming hearing scheduled in the case of Wertzberger vs. Weiss for Thursday, October 14, 2021. As of today, the following balances remain open:

Joel Wertzberger owes $1,080 to the Beth Din (prepayment for hearing/ balance for Thursday, October 14, 2021.
Joel/Yoely Weiss owes $1,080 to the Beth Din (prepayment for hearing/balance for Thursday, October 14, 2021.

Section 34(e) of the Rules and Procedures of the Beth Din provides as follows:

If, at any time, any party has failed to pay fees or expenses to the Beth Din in full, the Av Beth Din may order the suspension or termination of the proceedings, pending payment in full, and inform the parties in order that one of them may advance the required payment. If one party advances the payment owed by a non-paying party, the Av Beth Din or his designee may issue an award, separate from any other award ordered by the Beth Din, ordering the non-paying party to

reimburse the other party for advances made on their behalf. The Av Beth Din or his designee shall notify each party at least eight days prior to the issuance of any such award of his intent to do so, and he may issue such award without an oral hearing unless either party requests one in writing. Such award shall be subject to the provisions of Section 33(c) of these Rules, although it shall not be subject to the provisions of Sections 26 and 27 of these Rules.

Accordingly, the Case is hereby suspended, effective 10:00 am, Tuesday, October 12, 2021, if any balances remain open at that time. As set forth above, either party may step in and pay the other's balance in order to allow next week's scheduled hearing to take place, and may then request reimbursement or that the Beth Din order reimbursement.

Payments may be made by clicking on the invoice that was previously sent to you, or online at the top right-hand corner of the Beth Din's website at [www.bethdin.org](www.bethdin.org).

Thank you,
Cindy Frankel
Director of Operations
Beth Din of America
305 Seventh Avenue, 12th Floor
New York, New York 10001
T: (212) 807-9042 x 101 | F: (212) 807-9183
cfrankel@bethdin.org

NOTE: The information in this e-mail may be confidential and privileged. If you are not the intended recipient, please refrain from reading, using or disseminating this e-mail, advise the sender immediately by reply e-mail, and delete this message and any attachments without retaining a copy.

On Fri, Sep 17, 2021 at 11:52 AM Cindy Frankel <cfrankel@bethdin.org> wrote:

Dear Parties:

This shall confirm that the *din torah* (arbitration) hearing in this case before the Beth Din of America has been scheduled for **Thursday, October 14, via Zoom, beginning at 3:30pm.**

Beth Din of America is inviting you to a scheduled Zoom meeting.

Topic: DT-2021-00094 Wertzberger vs.
Weiss
Time: Oct 14, 2021 03:30 PM Eastern Time
(US and Canada)

Join Zoom Meeting
https://us02web.zoom.us/j/89810657399

Meeting ID: 898 1065 7399
One tap mobile
+19292056099,,89810657399# US (New
York)
+13126266799,,89810657399# US
(Chicago)

Dial by your location
     +1 929 205 6099 US (New York)
     +1 312 626 6799 US (Chicago)
     +1 301 715 8592 US (Washington DC)
     +1 346 248 7799 US (Houston)
     +1 669 900 6833 US (San Jose)
     +1 253 215 8782 US (Tacoma)
Meeting ID: 898 1065 7399
Find your local number:
https://us02web.zoom.us/u/kNJzNpN1f

The fee for this hearing will be $360.00 per
hour/per party (minimum one hour). You have
received, or will shortly receive, an invoice
asking for prepayment in the amount of $1,080,
representing three hours of hearing time.  Prior
to the hearing, and **no later than Thursday,
September 30, 2021,** the parties must each be
current on their balance, including any
prepayments due for the upcoming hearing. Any
unexpended balance of prepaid fees will be
returned to the parties at the conclusion of the
*din torah.*

The *dayanim* (arbitrators) for this *din torah*
hearing will be Rabbi Yoseph Greenwald, Rabbi
Aryeh Lebowitz and Rabbi Shlomo Weissmann.
The Beth Din reserves the right to change the
*dayanim* prior to the hearing.

Please read this document for important
information relating to dinei torah (arbitrations)
at the Beth Din of America.

Thank you,
Cindy Frankel
Director of Operations
Beth Din of America
305 Seventh Avenue, 12th Floor
New York, New York 10001
T: (212) 807-9042 x 101  |  F: (212) 807-
9183
cfrankel@bethdin.org

NOTE:  The information in this e-mail may
be confidential and privileged.  If you are not
the intended recipient, please refrain from
reading, using or disseminating this e-mail,
advise the sender immediately by reply e-
mail, and delete this message and any
attachments without retaining a copy.

On Mon, Aug 23, 2021 at 7:19 PM Cindy
Frankel <cfrankel@bethdin.org> wrote:

12/20/22, 4:13 PM    Gmail - DT-2021-0004 Wertzberger vs. Weiss

Case 1:22-cv-07822-DLI-CLP    Document 1-7    Filed 12/23/22    Page 33 of 59 PageID #: 33

Mr Weiss,
We are still waiting for you to let us know if
the proposed dates work for you.
Cindy Frankel
Director of Operations
Beth Din of America
305 Seventh Avenue, 12th Floor
New York, New York 10001
T: (212) 807-9042 x 101  |  F: (212) 807-9183
cfrankel@bethdin.org

NOTE:  The information in this e-mail may
be confidential and privileged.  If you are
not the intended recipient, please refrain
from reading, using or disseminating this
e-mail, advise the sender immediately by
reply e-mail, and delete this message and
any attachments without retaining a copy.


On Fri, Aug 20, 2021 at 10:13 AM Cindy
Frankel <cfrankel@bethdin.org> wrote:
Mr. Weiss,
Which of these dates work for you?


Cindy Frankel
Director of Operations
Beth Din of America
305 Seventh Avenue, 12th Floor
New York, New York 10001
T: (212) 807-9042 x 101  |  F: (212) 807-9183
cfrankel@bethdin.org

NOTE:  The information in this e-mail
may be confidential and privileged.  If
you are not the intended recipient,
please refrain from reading, using or
disseminating this e-mail, advise the
sender immediately by reply e-mail, and
delete this message and any
attachments without retaining a copy.


On Wed, Aug 18, 2021 at 6:33 PM
Abraham Neuhaus
<abeneuhausesq@gmail.com> wrote:
Plaintiff is available on all of those
dates. We would prefer a hearing by
zoom as is authorized by the parties'
arbitration agreement.

Thank you,

Abraham Neuhaus, Esq.
The Law Office Of Abraham Neuhaus
LLC
124 Benjamin Street
Toms River, New Jersey 08755
Cel: (845) 548-7284
Fax: (646) 349-1381


On Aug 16, 2021, at
2:32 PM, Cindy Frankel
<cfrankel@bethdin.org>
wrote:


Dear Parties,

12/20/22, 4:31 PM                    Gmail - 1T-2021 1004 Weitzberger vs. Weiss

Case 1:22-cv-07822-DLI-CLP    Document 1-7    Filed 04/23/22    Page 34 of 59 PageID #: 34

We would like to begin the process of scheduling a hearing in this case. Please let us know by Thursday, 8/19//21, which three available dates work for you for the week of August 30th, 9/13 and 9/14. Once we have received responses from each of the parties and from *dayanim* (arbitrators), we will get back to you to confirm the date and time of the hearing.

Thank you,
Cindy Frankel
Director of Operations
Beth Din of America
305 Seventh Avenue, 12th Floor
New York, New York 10001
T: (212) 807-9042 x 101  |  F: (212) 807-9183
cfrankel@bethdin.org

NOTE:  The information in this e-mail may be confidential and privileged.  If you are not the intended recipient, please refrain from reading, using or disseminating this e-mail, advise the sender immediately by reply e-mail, and delete this message and any attachments without retaining a copy.

--
Rabbi Michoel Zylberman
Associate Director
Beth Din of America
Geirus Coordinator
Rabbinical Council of America
305 Seventh Ave. 12th Floor
New York, NY 10001
(212) 807-9000 ext. 104
fax: (212) 807-9183

--

Abraham Neuhaus, Esq.

The Law Office Of Abraham Neuhaus, LLC

124 Benjamin Street

Toms River, New Jersey 08755

Cel: (845) 548-7284

Fax: (646) 349-1381


---

The foregoing e-mail may contain US tax advice. If so, please read the following carefully:

Unless otherwise expressly stated in the foregoing message, this advice was not intended or written to be used, and cannot be used, by any person for the purpose of avoiding US federal tax-related penalties that may be imposed with respect to the matters addressed.  Some of this advice may have been written to support the promotion or marketing of the transactions or matters addressed to persons other than our client.  For such advice, be advised that the advice was written to support the promotion or marketing of the transaction(s) or matter(s) addressed and if you are a person other than our client, you should seek advice based on your particular circumstances from an independent tax advisor.  In addition, unless expressly stated to the contrary in the foregoing message, nothing herein shall be construed to impose a limitation on disclosure by any person of the tax treatment or tax structure of any transaction that is addressed herein.


---

This email is confidential and may also be privileged.  If you are not the intended recipient please delete it and notify me immediately by telephoning or e-mailing the sender.  You should not copy it or use it for any purpose nor disclose its contents to any other person.


--

Abraham Neuhaus, Esq.

The Law Office Of Abraham Neuhaus, LLC

124 Benjamin Street

Toms River, New Jersey 08755

Cel: (845) 548-7284

Fax: (646) 349-1381


---

The foregoing e-mail may contain US tax advice. If so, please read the following carefully:

Unless otherwise expressly stated in the foregoing message, this advice was not intended or written to be used, and cannot be used, by any person for the purpose of avoiding US federal tax-related penalties that may be imposed with respect to the matters addressed.  Some of this advice may have been written to support the promotion or marketing of the transactions or matters addressed to persons other than our client. For such advice, be advised that the advice was written to support the promotion or marketing of the transaction(s) or matter(s) addressed and if you are a person other than our client, you should seek advice based on your particular circumstances from an independent tax advisor.  In addition, unless expressly stated to the contrary in the foregoing message, nothing herein shall be construed to impose a limitation on disclosure by any person of the tax treatment or tax structure of any transaction that is addressed herein.


---

This email is confidential and may also be privileged.  If you are not the intended recipient please delete it and notify me immediately by telephoning or e-mailing the sender.  You should not copy it or use it for any purpose nor disclose its contents to any other person.

--

Abraham Neuhaus, Esq.

The Law Office Of Abraham Neuhaus, LLC

124 Benjamin Street

Toms River, New Jersey 08755

Cel: (845) 548-7284

Fax: (646) 349-1381

---
The foregoing e-mail may contain US tax advice. If so, please read the following carefully:
Unless otherwise expressly stated in the foregoing message, this advice was not intended or written to be used, and cannot
be used, by any person for the purpose of avoiding US federal tax-related penalties that may be imposed with respect to
the matters addressed. Some of this advice may have been written to support the promotion or marketing of the
transactions or matters addressed to persons other than our client. For such advice, be advised that the advice was written
to support the promotion or marketing of the transaction(s) or matter(s) addressed and if you are a person other than our
client, you should seek advice based on your particular circumstances from an independent tax advisor. In addition, unless
expressly stated to the contrary in the foregoing message, nothing herein shall be construed to impose a limitation on
disclosure by any person of the tax treatment or tax structure of any transaction that is addressed herein.

---
This email is confidential and may also be privileged. If you are not the intended recipient please delete it and notify me
immediately by telephoning or e-mailing the sender. You should not copy it or use it for any purpose nor disclose its
contents to any other person.

--

Abraham Neuhaus, Esq.

The Law Office Of Abraham Neuhaus, LLC

124 Benjamin Street

Toms River, New Jersey 08755

Cel: (845) 548-7284

Fax: (646) 349-1381

---
The foregoing e-mail may contain US tax advice. If so, please read the following carefully:
Unless otherwise expressly stated in the foregoing message, this advice was not intended or written to be used, and cannot
be used, by any person for the purpose of avoiding US federal tax-related penalties that may be imposed with respect to the matters
addressed. Some of this advice may have been written to support the promotion or marketing of the transactions or matters
addressed to persons other than our client. For such advice, be advised that the advice was written to support the promotion or
marketing of the transaction(s) or matter(s) addressed and if you are a person other than our client, you should seek advice based
on your particular circumstances from an independent tax advisor. In addition, unless expressly stated to the contrary in the
foregoing message, nothing herein shall be construed to impose a limitation on disclosure by any person of the tax treatment or tax
structure of any transaction that is addressed herein.

---
This email is confidential and may also be privileged. If you are not the intended recipient please delete it and notify me
immediately by telephoning or e-mailing the sender. You should not copy it or use it for any purpose nor disclose its contents to
any other person.

# EXHIBIT D

DocuSign Envelope ID: E0BB540C-7346-4A02-83F1-FBD2730D0D9C



| Rabbi Moshe Steinberg, זצ"ל | Rabbi Jonathan Reiss | הרב יונה ריס | הרב משה שטיינברג, זצ"ל |
| Founding Av Beth Din | Chaver Beth Din | חבר בית דין | אב בית דין הראשון |
| Rabbi Gedalia Dov Schwartz, זצ"ל | Rabbi Shlomo Weissmann | הרב שלמה וויסמאן | הרב גדליי דוב שווארץ, זצ"ל |
| Av Beth Din | Director | מנהל | אב בית דין |
| Rabbi Mordechai Willig | Rabbi Michoel Zylberman | הרב מיכאל זילברמן | הרב מרדכי וויליג |
| Assistant Av Beth Din | Associate Director | סגן מנהל | סגן אב בית דין |

**BETH DIN of AMERICA**
**בית דין דאמריקא**

תש"פ Hebrew date
Date, 2020

<u>Via Email</u>

Abraham Neuhaus, Esq.
abeneuhausesq@gmail.com

Yoel Weiss
yoelsweiss@gmail.com

<u><em>Re: Wertzberger v. Weiss</em></u>

Dear Mr. Neuhaus and Mr. Weiss:

Please see the enclosed award from the Beth Din of America.

Rule 31 of the Beth Din's Rules and Procedures states:

(a)      On written application of a party to the Beth Din within twenty (20) days after delivery of the award to the applicant, the Beth Din may modify the award if (a) there was a mathematical miscalculation; or (b) there was a mistake in the description of any person, thing or property referred to in the award; or (c) the award is based upon an issue not submitted to the Beth Din and the award may be corrected without affecting the merits of the decision upon the issues submitted; or (d) the award is imperfect in a matter of form not affecting the merits of the controversy; or (e) the Av Beth Din determines that a provision of the Award is contrary to Jewish Law.

(b)      Copies of such application shall be concurrently served upon all other parties to the arbitration in accordance with Section 25(b) of these Rules. Any party objecting to such modification shall submit written objections to the Beth Din, with copies to all other parties to the arbitration, within 10 days of receipt of such application. The Beth Din shall dispose of any application made under this section in writing. The Av Beth Din shall strive to issue such writing within 40 days after the application for modification. The parties may consent in writing to extend the time for such disposition either before or after its expiration.

Please note that pursuant to the arbitration agreement signed by the parties, this award may be confirmed in court. Please be aware that there may be statutory deadlines applicable to this confirmation process.

Sincerely,

Rabbi Shlomo Weissmann
Director

305 Seventh Avenue, 12th Floor • New York, NY 10001-6008 • 212.807.9042 tel • 212.807.9183 fax • info@bethdin.org • www.bethdin.org

Affiliated with the Rabbinical Council of America | Sponsored by the Union of Orthodox Jewish Congregations of America | Incorporated as Beth Din of the United States of America

DocuSign Envelope ID: E0BB540C-7346-4A02-83F1-FBD2730D0D9C



**BETH DIN** *of* **AMERICA**
בית דין דאמריקא

| | | | |
|---|---|---|---|
| Rabbi Moshe Steinberg, זצ"ל<br>*Founding Av Beth Din* | Rabbi Jonathan Reiss<br>*Chaver Beth Din* | הרב יונה רייס<br>חבר בית דין | הרב משה שטיינברג, זצ"ל<br>אב בית דין הראשון |
| Rabbi Gedalia Dov Schwartz, זצ"ל<br>*Av Beth Din* | Rabbi Shlomo Weissmann<br>*Director* | הרב שלמה וייסמאן<br>מנהל | הרב גדלי' דוב שווארץ, זצ"ל<br>אב בית דין |
| Rabbi Mordechai Willig<br>*Assistant Av Beth Din* | Rabbi Michael Zylberman<br>*Associate Director* | הרב מיכאל זילברמן<br>סגן מנהל | הרב מרדכי וויליג<br>סגן אב בית דין |

כ' טבת תשפ"ב
December 24, 2021

*Psak Din (Decision): Wertzberger v. Weiss*

The Beth Din of America (the "Beth Din"), having been chosen by the parties as arbitrators pursuant to an arbitration provision contained in an agreement dated May 3, 2021 (the "Agreement"), between Joel Wertzberger ("Plaintiff") and Joel/Yoely Weiss ("Defendant"), to submit to the Beth Din of America for a binding decision with respect to matters affecting a planned vacation, and having given said matters due consideration, hereby decides as follows:

**Procedural History**

The hearing, which took place on October 14, 2021, was scheduled in compliance with statutory notice requirements and in accordance with the Rules and Procedures of the Beth Din. Abraham Neuhaus, Esq. appeared at the hearing on behalf of Plaintiff. Defendant did not attend the hearing. Following the hearing, the Beth Din shared a recording of the hearing with Defendant. Although Defendant initially indicated by email that he wished to schedule an additional session to present his case, he was not responsive to emails offering him that opportunity.

Section 2(j) of the Rules and Procedures of the Beth Din provides:

> If, after reasonable notice, one party refuses to attend the proceedings of the Beth Din of America in a case in which there is an agreement to arbitrate in the Beth Din of America, the matter shall proceed without the participation of that party. However, no financial award may be issued based on a default judgment alone.

Section 17(a) of the Rules and Procedures provides:

> Unless the law of the jurisdiction provides to the contrary, the arbitration may proceed in the absence of any party who, after due notice, fails either to be present or to obtain an adjournment. An award shall not be made solely because of a party's default. The Beth Din shall require the party who is present to submit such evidence as the Beth Din may require for the making of an award.

305 Seventh Avenue, 12th Floor • New York, NY 10001-6008 • 212.807.9042 tel • 212.807.9183 fax • info@bethdin.org • www.bethdin.org

Affiliated with the Rabbinical Council of America I Sponsored by the Union of Orthodox Jewish Congregations of America I Incorporated as Beth Din of the United States of America

DocuSign Envelope ID: E0BB540C-7346-4A02-83F1-FBD2730D0D9C

**Facts**

Pursuant to the Agreement, Defendant managed a brokerage account owned by Plaintiff that was initially funded with $1,000,000. The Agreement provided that, "[m]anager, absolutely and unconditionally and irrevocably undertakes and guaranties to immediately replenish any funds lost from Client's trading account (from Manager's own funds)... in the event that Clients' trading account is negative, for a period of three business days." The account was managed as a day trading account and suffered enormous losses in April 2021, a period of significant market volatility. By June 2, 2021, the account was completely wiped out, and as of June 17, 2021 the balance of the account was <u>negative</u> $1,101,925.95 (in other words, the account holder would need to pay the broker that amount to restore the account to a zero balance).

According to Plaintiff, Plaintiff and Defendant met on or about June 17, 2021 and agreed that Defendant would cease to manage the account at that time, that the balance as of the time their arrangement ended was negative $1,101,925.95, and that Defendant would reimburse that amount to Plaintiff as a negotiated settlement of the guaranty obligation in the Agreement. Contemporaneous emails presented by Plaintiff are consistent with that account.

The Agreement calls for any payments due under the guaranty to be paid immediately, and accrue at a rate of 24% per annum if not paid immediately. The Agreement states that it is entered into "al pi heter iska of the maharam."

**Discussion**

Plaintiff sufficiently demonstrated that he is owed $1,101,925.95, plus 24% per annum. Defendant is ordered to pay that amount to Plaintiff within 30 days.

All other claims are hereby denied. Any request for modification of this award by the arbitration panel shall be in accordance with the rules and procedures of the Beth Din of America, the provisions set forth herein, and the arbitration agreement of the parties. The obligations set forth herein shall be enforceable in any court of competent jurisdiction, in accordance with the rules and procedures of the Beth Din of America and the arbitration agreement. Any provision of this agreement may be modified with the written consent of both parties. Except as otherwise indicated, all of the provisions of this decision shall take effect immediately.

IN WITNESS WHEREOF, we hereby sign and affirm this order as of the date written above.

Rabbi Yosef Greenwald
Dayan

Rabbi Aryeh Lebowitz
Dayan

Rabbi Shlomo Weissmann
Dayan

Electronic signature confirmation:

DocuSigned by:
*Yosef Greenwald*
CA4F205EE98F45B...
12/23/2021

DocuSigned by:
*Aryeh Lebowitz*
01410640C810480...
12/24/2021

DocuSigned by:
*Shlomo Weissmann*
B6002C55D4224DC...
12/23/2021

- 3 -

I hereby sign and affirm the attached arbitration award, dated December 24, 2021.



Shlomo Weissmann
02/11/2022

State of _____Florida_____ )
                                     )ss.:
County of _____Broward_____ )

On the __11th__ day of __February__, in the year 2022, before me, the undersigned notary
public, personally appeared _____Shlomo Weissmann_____, personally known to me or proved
to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the
within instrument and acknowledged to me that he executed the same in his capacity, and that
by his signature on the instrument, the individual executed the instrument.

Notary Public    Diana Fermin

Notarized online using audio-video communication

Type of Identification:  New Jersey Driver License

DIANA FERMIN
Notary Public - State of Florida
Commission # HH 159422
Expires on August 1, 2025

I hereby sign and affirm the attached arbitration award, dated December 24, 2021.

State of _New York_ )

County of _Rockland_ )ss.:

On the 20th day of _January_, in the year 2022, before me, the undersigned notary public, personally appeared _Rabbi Yosef Greenwald_, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual executed the instrument.

Notary Public

ZACHARY J ROTHKEN
Notary Public, State of New York
No. 02RO6306919
Qualified in ~~Queens County~~ Rockland County
Commission Expires June 30, ~~2018~~ 2022

I hereby sign and affirm the attached arbitration award, dated December 24, 2021.

State of _____ NY _____ )
                                          )ss.:
County of _____ Nassau _____ )

On the 10th day of February, in the year 2022, before me, the undersigned notary public, personally appeared _____ Aryeh Lebovits _____, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual executed the instrument.

_____
Notary Public

**ALLAN I. KAHN**
Notary Public State of New York
No. 02KA6054646
Qualified in Nassau County
Term Expires February 12, 20 2 5

# EXHIBIT E

```
                    RECEIPT FOR PAYMENT
                    ===================
```

```
Lackawanna County Clerk/Judicial Records        Receipt Date   7/18/2022
123 Wyoming Ave.                                 Receipt Time  14:54:05
Scranton, PA  18503                              Receipt No.     451394
```

---     WERTZBERGER (vs) WEISS     ---

      Case Number    2022-02920

      Received of:    SIMONE

```
----------------------- Transaction Distribution -----------------------
Cost/Fee Description      Payment Amount      Payee Name
JUDGMT(FOREIGN)                42.00          LACKAWANNA COUNTY TREASURER
TAX ON JUDGT                    .50           BUREAU OF IMAGING & DOC. MGT.
PAF                           5.00            LACKAWANNA TREASURER OFF   PAF
                        ----------------
                             $47.50


Check# 2099                  $47.50
                        ----------------
Total Received........       $47.50
```



Michael S. Simone, Esq. PA 88729       MAURI B. KELLY
700 Route 130, Suite 201                        LACKAWANNA COUNTY
Cinnaminson, NJ 08077
Telephone: (856) 833-1788                    2022 JUL 18 P 1:34
Facsimile:  (856) 833-1780
**Attorney for Plaintiff**                          CLERK OF JUDICIAL
                                                             RECORDS CIVIL DIVISION

| | |
|---|---|
| JOEL WERTZBERGER<br>1460 58th St<br>Brooklyn, NY 11219 | IN THE COURT OF COMMON PLEAS<br>OF LACKAWANNA COUNTY, PA |
| Plaintiff, | DOCKET NO: 20CV2920 |
| vs. | CIVIL ACTION |
| JOEL/YOELY WEISS<br>520 Jefferson Avenue<br>Scranton, PA 18510 | **PRAECIPE TO ENTER FOREIGN<br>ARBITRATION AWARD AS<br>FOREIGN JUDGMENT** |
| Defendant | |

**TO THE PROTHONOTARY OF LACKAWANNA COUNTY:**

Enter Judgment in favor of Plaintiff: <u>Joel Wertzberger</u> and against: Defendant: <u>Joel/Yoely Weiss</u>:

1. Enter Judgment on the attached:
   [ ] Instrument confessing judgment or authorizing confession by an
       attorney at law or other person against the person who executed it.
   [X] Certified copy of judgment: <u>July 7, 2022</u>
   [X] Other (please describe) <u>Arbitration Award</u>
       a. Date of Instrument:  <u>December 24, 2021</u>
       b. Amount $ <u>1,101,925.95</u>
       c. Interest $0.00
2. Enter the judgment in favor of the original holder, or (unless expressly
   forbidden in the instrument) in favor of the assignee or other transferee;
3. I hereby certify that the address of the <u>Plaintiff, Joel Wertzberger is: 1460 58th
   Street, Brooklyn, NY 11219.</u>
4. I hereby certify that the address of the <u>Defendant, Joel/Yoely Weiss is: 520
   Jefferson Avenue, Scranton, PA 18510.</u>

   <u>X</u>  I certify that the foregoing assessment of damages is for specified amounts
alleged to be due in the Complaint and is calculable as a sum certain for the Complaint.

   <u>X</u>  Pursuant to Pa.R.C.P. 236 (notice of final judgment or decree), a copy of this
filing has been mailed to each other party who has appeared in the action or to his or her
Attorney of Record by regular and certified mail.

Dated: _7/13/22_

The Simone Law Firm, P.C.

Signature: _____

Michael S. Simone, Esq. PA 88729
700 Route 130, Suite 201
Cinnaminson, NJ 08077
Telephone: 856-833-1788
Attorney for Plaintiff

NOW, __JUL 1 8 2022__, 2022,     **JUDGMENT IS ENTERED AS ABOVE.**

Prothonotary

by: _____
                              Deputy

Michael S. Simone, Esq.
Attorney Identification Number: 006782002
The Simone Law Firm, P.C.
700 Professional Plaza
700 Route 130, Suite 201
Cinnaminson, NJ 08077
Telephone: (856) 833-1788
Facsimile: (856) 833-1780
Attorney for Plaintiff

MAURI B. KELLY
LACKAWANNA COUNTY

2022 JUL 18 P 1: 35

CLERK OF JUDICIAL
RECORDS CIVIL DIVISION

| | |
|---|---|
| JOEL WERTZBERGER<br>1460 58th St<br>Brooklyn, NY 11219 | : IN THE COURT OF COMMON<br>: PLEAS<br>: OF LACKAWANNA COUNTY, PA<br>: |
| Plaintiff, | : DOCKET NO: _____ |
| vs. | : CIVIL ACTION |
| JOEL/YOELY WEISS<br>520 Jefferson Avenue<br>Scranton, PA 18510 | : **CERTIFICATE IN SUPPORT OF**<br>: **AFFIDAVIT TO ENTER**<br>: **JUDGMENT & AMOUNTS OWED**<br>: **DUE** |
| Defendant | : |

The following certification is made in support of Plaintiff's Praecipe to Enter Foreign
Arbitration Award as Foreign Judgment against Defendant, Joel/Yoely Weiss:

1.  I, _Shlomo Weissmann_, _Director of the Beth Din of America_, attest the following
    statements.

2.  **The amount to enter judgment is $1,101,925.95.** See below for the
    explanation of amount owed, which is "Exhibit A".

3.  The amounts owed by the Defendant, Joel/Yoely Weiss, are set forth in
    the Arbitration Award, in "Exhibit A," which was signed and dated
    December 24, 2021.

4.  I certify that the foregoing statements made by me are true.  I am aware
    that if any of the foregoing statements made by me are willfully false, I am
    subject to punishment.

Dated: _July 7_, 2022      By: _____

Sworn to and subscribed
Before me this _7th_ th day
Of _July_, 2022.
_Natalie Per_
Notary Public

NATALIE PERRIN
NOTARY PUBLIC-STATE OF NEW YORK
No. 01PE6389422
Qualified in Bronx County
My Commission Expires 03-25-2023

DocuSign Envelope ID: E0BB540C-7346-4A02-83F1-FBD2730D0D9C

    

ה"שת Hebrew date
Date, 2020

<u>Via Email</u>

Abraham Neuhaus, Esq.
abeneuhausesq@gmail.com

Yoel Weiss
yoelsweiss@gmail.com

Re: <u>Wertzberger v. Weiss</u>

Dear Mr. Neuhaus and Mr. Weiss:

Please see the enclosed award from the Beth Din of America.

Rule 31 of the Beth Din's Rules and Procedures states:

(a)      On written application of a party to the Beth Din within twenty (20) days after delivery of the award to the applicant, the Beth Din may modify the award if (a) there was a mathematical miscalculation; or (b) there was a mistake in the description of any person, thing or property referred to in the award; or (c) the award is based upon an issue not submitted to the Beth Din and the award may be corrected without affecting the merits of the decision upon the issues submitted; or (d) the award is imperfect in a matter of form not affecting the merits of the controversy; or (e) the Av Beth Din determines that a provision of the Award is contrary to Jewish Law.

(b)      Copies of such application shall be concurrently served upon all other parties to the arbitration in accordance with Section 25(b) of these Rules. Any party objecting to such modification shall submit written objections to the Beth Din, with copies to all other parties to the arbitration, within 10 days of receipt of such application. The Beth Din shall dispose of any application made under this section in writing. The Av Beth Din shall strive to issue such writing within 40 days after the application for modification. The parties may consent in writing to extend the time for such disposition either before or after its expiration.

Please note that pursuant to the arbitration agreement signed by the parties, this award may be confirmed in court. Please be aware that there may be statutory deadlines applicable to this confirmation process.

Sincerely,

Rabbi Shlomo Weissmann
Director

EXHIBIT A

DocuSign Envelope ID: E0B8540C-7346-4A02-83F1-FBD2730D0D9C

    

כ' טבת תשפ"ב
December 24, 2021

*Psak Din (Decision): Wertzberger v. Weiss*

The Beth Din of America (the "Beth Din"), having been chosen by the parties as arbitrators pursuant to an arbitration provision contained in an agreement dated May 3, 2021 (the "Agreement"), between Joel Wertzberger ("Plaintiff") and Joel/Yoely Weiss ("Defendant"), to submit to the Beth Din of America for a binding decision with respect to matters affecting a planned vacation, and having given said matters due consideration, hereby decides as follows:

**Procedural History**

The hearing, which took place on October 14, 2021, was scheduled in compliance with statutory notice requirements and in accordance with the Rules and Procedures of the Beth Din. Abraham Neuhaus, Esq. appeared at the hearing on behalf of Plaintiff. Defendant did not attend the hearing. Following the hearing, the Beth Din shared a recording of the hearing with Defendant. Although Defendant initially indicated by email that he wished to schedule an additional session to present his case, he was not responsive to emails offering him that opportunity.

Section 2(j) of the Rules and Procedures of the Beth Din provides:

> If, after reasonable notice, one party refuses to attend the proceedings of the Beth Din of America in a case in which there is an agreement to arbitrate in the Beth Din of America, the matter shall proceed without the participation of that party. However, no financial award may be issued based on a default judgment alone.

Section 17(a) of the Rules and Procedures provides:

> Unless the law of the jurisdiction provides to the contrary, the arbitration may proceed in the absence of any party who, after due notice, fails either to be present or to obtain an adjournment. An award shall not be made solely because of a party's default. The Beth Din shall require the party who is present to submit such evidence as the Beth Din may require for the making of an award.

305 Seventh Avenue, 12th Floor • New York, NY 10001-6008 • 212.807.9042 tel • 212.807.9183 fax • info@bethdin.org • www.bethdin.org

Affiliated with the Rabbinical Council of America | Sponsored by the Union of Orthodox Jewish Congregations of America | Incorporated as Beth Din of the United States of America

DocuSign Envelope ID: E0BB540C-7346-4A02-83F1-FBD2730D0D9C

**Facts**

Pursuant to the Agreement, Defendant managed a brokerage account owned by Plaintiff that was initially funded with $1,000,000. The Agreement provided that, "[m]anager, absolutely and unconditionally and irrevocably undertakes and guaranties to immediately replenish any funds lost from Client's trading account (from Manager's own funds)... in the event that Clients' trading account is negative, for a period of three business days." The account was managed as a day trading account and suffered enormous losses in April 2021, a period of significant market volatility. By June 2, 2021, the account was completely wiped out, and as of June 17, 2021 the balance of the account was <u>negative</u> $1,101,925.95 (in other words, the account holder would need to pay the broker that amount to restore the account to a zero balance).

According to Plaintiff, Plaintiff and Defendant met on or about June 17, 2021 and agreed that Defendant would cease to manage the account at that time, that the balance as of the time their arrangement ended was negative $1,101,925.95, and that Defendant would reimburse that amount to Plaintiff as a negotiated settlement of the guaranty obligation in the Agreement. Contemporaneous emails presented by Plaintiff are consistent with that account.

The Agreement calls for any payments due under the guaranty to be paid immediately, and accrue at a rate of 24% per annum if not paid immediately. The Agreement states that it is entered into "al pi heter iska of the maharam."

**Discussion**

Plaintiff sufficiently demonstrated that he is owed $1,101,925.95, plus 24% per annum. Defendant is ordered to pay that amount to Plaintiff within 30 days.

All other claims are hereby denied. Any request for modification of this award by the arbitration panel shall be in accordance with the rules and procedures of the Beth Din of America, the provisions set forth herein, and the arbitration agreement of the parties. The obligations set forth herein shall be enforceable in any court of competent jurisdiction, in accordance with the rules and procedures of the Beth Din of America and the arbitration agreement. Any provision of this agreement may be modified with the written consent of both parties. Except as otherwise indicated, all of the provisions of this decision shall take effect immediately.

DocuSign Envelope ID: E0BB540C-7346-4A02-83F1-FBD2730D0D9C

IN WITNESS WHEREOF, we hereby sign and affirm this order as of the date written above.

Rabbi Yosef Greenwald
Dayan

Rabbi Aryeh Lebowitz
Dayan

Rabbi Shlomo Weissmann
Dayan

Electronic signature confirmation:

DocuSigned by:
*Yosef Greenwald*
C4dF205EE93F45B...
12/23/2021

DocuSigned by:
*Aryeh Lebowitz*
01410640C810480...
12/24/2021

DocuSigned by:
*Shlomo Weissmann*
B6002C55DA224DC...
12/23/2021

Michael S. Simone, Esq. (I.D. No. 88729)
The Simone Law Firm
700 Route 130, Suite 201
Cinnaminson, NJ 08077
Telephone: (856) 833-1788
Facsimile: (856) 833-1780
**Attorney for Plaintiff**

LAURI B. KELLY    **AFFIDAVIT OF**
LACKAWANNA COUNTY    **NON-MILITARY STATUS**

2022 JUL 18 P 1: 35

CLERK OF JUDICIAL
RECORDS CIVIL DIVISION

JOEL WERTZBERGER
1460 58th St
Brooklyn, NY 11219

IN THE COURT OF COMON PLEAS
OF LACKAWANNA COUNTY

              Plaintiff,

       vs.

DOCKET NO: _____

Civil Action - Law

JOEL/YOELY WEISS
520 Jefferson Avenue
Scranton, PA 18510

**AFFIDAVIT OF NON-MILITARY
SERVICE**

              Defendant

Michael S. Simone, being duly sworn according to law, deposes and says that he is attorney for the Plaintiff, that he is authorized to make this affidavit on behalf of Plaintiff; that the above-named Defendant, Joel/Yoely Weiss, resides at 520 Jefferson Avenue, Scranton, PA 18510; and that the above-named Defendant is not in the Military Service of the United States, nor any State or Territory thereof or its allies as defined in the Servicemember's Civil Relief Act of 2003 and the amendments thereto, a true copy of the Department of Defense Status Report is attached as "Exhibit A."

Submitted by: The Simone Law Firm, P.C.

Dated: July 13, 2022

Michael S. Simone, PA 88729
Attorney for Plaintiff

Sworn to and subscribed
Before me this 13 th day
Of July, 2022.

Notary Public



ELIZABETH A. YORTY
NOTARY PUBLIC OF NEW JERSEY
COMMISSION # 2451387
MY COMMISSION EXPIRES 1/7/2025
STATE OF NEW JERSEY NOTARY PUBLIC

Department of Defense Manpower Data Center

Results as of : Jul-13-2022 09:00:16 AM

SCRA 5.13



**Status Report**
**Pursuant to Servicemembers Civil Relief Act**

| | |
|---|---|
| SSN: | XXX-XX-7800 |
| Birth Date: | Jul-XX-1982 |
| Last Name: | WEISS |
| First Name: | |
| Middle Name: | |
| Status As Of: | Jul-13-2022 |
| Certificate ID: | SX9ZS0BHQGXHP18 |

| On Active Duty On Active Duty Status Date | | | |
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | | NA |
| This response reflects the individual's active duty status based on the Active Duty Status Date | | | |

| Left Active Duty Within 367 Days of Active Duty Status Date | | | |
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects where the individual left active duty status within 367 days preceding the Active Duty Status Date | | | |

| The Member or His/Her Unit Was Notified of a Future Call-Up to Active Duty on Active Duty Status Date | | | |
|---|---|---|---|
| Order Notification Start Date | Order Notification End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects whether the individual or his/her unit has received early notification to report for active duty | | | |

Upon searching the data banks of the Department of Defense Manpower Data Center, based on the information that you provided, the above is the status of the individual on the active duty status date as to all branches of the Uniformed Services (Army, Navy, Marine Corps, Air Force, NOAA, Public Health, and Coast Guard). This status includes information on a Servicemember or his/her unit receiving notification of future orders to report for Active Duty.

*Michael V. Sorrento*

Michael V. Sorrento, Director
Department of Defense - Manpower Data Center
400 Gigling Rd.
Seaside, CA 93955

EXHIBIT A

The Defense Manpower Data Center (DMDC) is an organization of the Department of Defense (DoD) that maintains the Defense Enrollment and Eligibility Reporting System (DEERS) database which is the official source of data on eligibility for military medical care and other eligibility systems.

The DoD strongly supports the enforcement of the Servicemembers Civil Relief Act (50 USC App. § 3901 et seq, as amended) (SCRA) (formerly known as the Soldiers' and Sailors' Civil Relief Act of 1940). DMDC has issued hundreds of thousands of "does not possess any information indicating that the individual is currently on active duty" responses, and has experienced only a small error rate. In the event the individual referenced above, or any family member, friend, or representative asserts in any manner that the individual was on active duty for the active duty status date, or is otherwise entitled to the protections of the SCRA, you are strongly encouraged to obtain further verification of the person's status by contacting that person's Service. Service contact information can be found on the SCRA website's FAQ page (Q35) via this URL: https://scra.dmdc.osd.mil/scra/#/faqs. If you have evidence the person was on active duty for the active duty status date and you fail to obtain this additional Service verification, punitive provisions of the SCRA may be invoked against you. See 50 USC App. § 3921(c).

This response reflects the following information:  (1) The individual's Active Duty status on the Active Duty Status Date (2) Whether the individual left Active Duty status within 367 days  preceding the Active Duty Status Date (3) Whether the individual or his/her unit received early notification to report for active duty on the Active Duty Status Date.

## More information on "Active Duty Status"

Active duty status as reported in this certificate is defined in accordance with 10 USC § 101(d) (1).  Prior to 2010 only some of the active duty periods less than 30 consecutive days in length were available.  In the case of a member of the National Guard, this includes service under a call to active service authorized by the President or the Secretary of Defense under 32 USC § 502(f) for purposes of responding to a national emergency declared by the President and supported by Federal funds.  All Active Guard Reserve (AGR) members must be assigned against an authorized mobilization position in the unit they support.  This includes Navy Training and Administration of the Reserves (TARs), Marine Corps Active Reserve (ARs) and Coast Guard Reserve Program Administrator (RPAs).  Active Duty status also applies to a Uniformed Service member who is an active duty commissioned officer of the U.S. Public Health Service or the National Oceanic and Atmospheric Administration (NOAA Commissioned Corps).

## Coverage Under the SCRA is Broader in Some Cases

Coverage under the SCRA is broader in some cases and includes some categories of persons on active duty for purposes of the SCRA who would not be reported as on Active Duty under this certificate.  SCRA protections are for Title 10 and Title 14 active duty records for all the Uniformed Services periods. Title 32 periods of Active Duty are not covered by SCRA, as defined in accordance with 10 USC § 101(d)(1).

Many times orders are amended to extend the period of active duty, which would extend SCRA protections. Persons seeking to rely on this website certification should check to make sure the orders on which SCRA protections are based have not been amended to extend the inclusive dates of service. Furthermore, some protections of the SCRA may extend to persons who have received orders to report for active duty or to be inducted, but who have not actually begun active duty or actually reported for induction.  The Last Date on Active Duty entry is important because a number of protections of the SCRA extend beyond the last dates of active duty.

Those who could rely on this certificate are urged to seek qualified legal counsel to ensure that all rights guaranteed to Service members under the SCRA are protected

WARNING:  This certificate was provided based on a last name, SSN/date of birth, and active duty status date provided by the requester.  Providing erroneous information will cause an erroneous certificate to be provided.

Michael S. Simone, Esq. PA 88729
The Simone Law Firm
700 Route 130, Suite 201
Cinnaminson, NJ 08077
Telephone: (856) 833-1788
Facsimile: (856) 833-1780
Attorney for Plaintiff

MAURI B. KELLY
LACKAWANNA COUNTY

2022 JUL 18 P 1: 34

CLERK OF JUDICIAL
RECORDS CIVIL DIVISION

JOEL WERTZBERGER
1460 58th St
Brooklyn, NY 11219

        Plaintiff,

    vs.

JOEL/YOELY WEISS
520 Jefferson Avenue
Scranton, PA 18510

        Defendant

IN THE COURT OF COMMON PLEAS OF
LACKAWANNA COUNTY,
PENNSYLVANIA

DOCKET NO: _____

## <u>CERTIFICATE OF COMPLIANCE</u>

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

Submitted by: The Simone Law Firm, P.C.

Dated: 7/13/22

_____
Michael S. Simone, Attorney for Plaintiff
Attorney ID No. 88729

Michael S. Simone, Esq. PA 88729
The Simone Law Firm
700 Route 130, Suite 201
Cinnaminson, NJ 08077
Telephone: (856) 833-1788
Facsimile: (856) 833-1780
**Attorney for Plaintiff**

MAURI B. KELLY
LACKAWANNA COUNTY

2022 JUL 18 P 1: 34

CLERK OF JUDICIAL
RECORDS CIVIL DIVISION

| | |
|---|---|
| JOEL WERTZBERGER<br>1460 58th St<br>Brooklyn, NY 11219<br><br>        Plaintiff,<br><br>    vs.<br><br>JOEL/YOELY WEISS<br>520 Jefferson Avenue<br>Scranton, PA 18510<br><br>        Defendant | IN THE COURT OF COMMON PLEAS<br>LACKAWANNA COUNTY<br><br>DOCKET NO: _____<br><br>Civil Action - Law<br><br>**NOTICE OF FILING JUDGMENT** |

(XX) Notice is hereby given that a judgment in the above-captioned matter has been entered against you in the amount of $1,101,925.95 on December 24, 2021.

(XX) A copy of all documents filed with the Prothonotary in support of the within Judgment is / are enclosed.

                          **Prothonotary**

by: *Mauri B. Kelly*
                                                  Deputy

If you have any questions regarding this Notice, please contact the filing party:
                Name:    Michael S. Simone, Esq.,  PA 88729
                          700 Route 130, Suite 201
                          Cinnaminson, NJ  08077
                          Telephone No. (856) 833-178
                          Attorney for Plaintiff/Judgment Creditor

(This Notice is given in accordance with Pa.R.C.P. No. 236.)



FP© US POSTAGE
$000.57
First-Class - IM
ZIP 08077
07/14/2022
034B 0081820468

**THE SIMONE LAW FIRM, P.C.**

700 Professional Plaza
700 Route 130, Suite 201
Cinnaminson, NJ 08077

08077#3366 C019

RECEIVED

JUL 2 1 2022

**THE SIMONE LAW FIRM, P.C.**

700 Professional Building
700 Route 130, Suite 201
Cinnaminson, NJ 08077