UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------------x

JOEL WERTZBERGER,

Plaintiff,

-against-

JOEL WEISS a/k/a YOELY WEISS,

Defendant.

----------------------------------------------------------------x

**MEMORANDUM & ORDER**
22-cv-7822 (DLI)(PCG)

**DORA L. IRIZARRY, United States District Judge:**

On December 22, 2022, Joel Wertzberger ("Plaintiff") filed this action against Joel Weiss ("Defendant"), seeking confirmation of an arbitration award pursuant to New York Civil Practice Law and Rules ("NYCPLR") § 7510. *See*, Compl., Dkt. Entry No. 1. Plaintiff moved for summary judgment, and Defendant opposed. *See*, Pl's. Mot. for Summ. J. & Mem. In Supp. (collectively, "Mot."), Dkt. Entry Nos. 21, 23; Def's. Mem. in Opp'n ("Opp'n"), Dkt. Entry No. 26; Rule 56.1 Statement ("Pl's. 56.1"), Dkt. Entry No. 22. Plaintiff replied. Reply, Dkt. Entry No. 27. For the reasons set forth below, Plaintiff's motion for summary judgment is granted to the extent that the arbitration award is confirmed.

## BACKGROUND

### I. Local Civil Rule 56.1 – Facts and Evidence Considered

Rule 56.1 of the Local Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York ("Rule 56.1") requires that a party moving for summary judgment submit "a separate, short and concise statement, in numbered paragraphs" setting forth material facts as to which there is no genuine issue to be tried. Local Civ. R. 56.1(a). A party opposing a motion for summary judgment shall submit papers that include "a correspondingly numbered paragraph responding to each numbered paragraph in the statement of the moving party, and if

necessary, additional paragraphs containing a separate, short and concise statement of additional material facts as to which it is contended that there exists a genuine issue to be tried." Local Civ. R. 56.1(b). The facts set forth in the moving party's Rule 56.1 statement will be deemed admitted "unless specifically controverted by a correspondingly numbered paragraph" in the opposing party's Rule 56.1 counterstatement. Local Civ. R. 56.1(c); *See also*, *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 72 (2d Cir. 2001). The refusal or inability to admit or dispute a statement does not satisfy the rule's requirement to controvert that statement specifically. *Whitehurst v. 230 Fifth, Inc.*, 998 F. Supp.2d 233, 248 (S.D.N.Y. 2014).

Plaintiff's Rule 56.1 Statement consists of 34 paragraphs. *See generally*, Pl's. 56.1. Defendant did not file a counterstatement. Therefore, none of Plaintiff's factual submissions were objected to. Rule 56.1(d) requires that each statement by the movant, or statement denying a material fact by the nonmovant, must be followed by citation to admissible evidence. Local Civ. R. 56.1(d). Plaintiff cited various records for each of his submitted facts.

## II. Factual Background

In reviewing a motion for summary judgment, the Court considers only those facts that have been established by admissible evidence and disregards conclusory allegations and legal arguments contained in the Rule 56.1 Statements. *See*, *Holtz*, 258 F.3d at 73. The Court also has exercised its discretion to "conduct an assiduous review of the record" in order "to consider what the parties [have] fail[ed] to point out in their Local Rule 56.1 Statements." *Id.* (internal quotation marks and citation omitted). Disagreement as to material facts are viewed in the light most favorable to the non-movant.

The parties entered into a contract on or about May 3, 2021, in Brooklyn, New York. Pl's. 56.1 ¶ 1; Ex. A., the contract ("Contract"), Dkt. Entry No. 1. The Contract stipulated that Defendant would manage Plaintiff's trading account ("Account"), which contained one million

dollars, for one year. *See*, Contract at 8. The Contract further stipulated that, if the account fell ten percent below the original one million invested for a period of three days or more, Defendant then was obligated to replenish the account back to the original amount from his own funds. *Id*. Defendant's failure to replenish funds in the account "immediately" would constitute a material default of the Contract, entitling Plaintiff to collect damages for all funds missing that were not replenished. *Id*. The Contract contained a broad arbitration clause with a stipulation that any and all disputes stemming from the Contract would be resolved before the Beth Din of America ("Beth Din"). Contract at 9. The Beth Din is an arbitration body based out of Manhattan and is part of the Jewish Modern Orthodox Community. Wertzberger Decl. ¶ 6, Dkt. Entry No. 25.

A few weeks after executing the Contract, Defendant shorted AMC Entertainment stock and lost the original one-million-dollar investment. Pl's. 56.1 ¶¶ 6–7. Plaintiff added additional funds to the Account to stem the loss, but Defendant did not replenish the losses. *Id*. ¶¶ 11, 14. After failing to come to an agreement as to the losses, Plaintiff initiated arbitration proceedings pursuant to the Contract. *Id*. ¶¶ 17–19. An arbitration hearing was conducted virtually on October 14, 2021. Pl's. 56.1 ¶ 19. The Beth Din issued an order on December 24, 2021, awarding Plaintiff $1,101,925.95 plus twenty-four percent per annum interest (the "Award"). Beth Din Order Ex. D., Dkt. Entry No. 1 at 38.

On July 18, 2022, the Court of Common Pleas for the County of Lackawanna in the State of Pennsylvania entered the Award. Compl. ¶ 19. However, on March 14, 2024, it struck the entry of judgment of the Award, holding that it must be confirmed in New York before it could be entered as a foreign judgment in Pennsylvania. *See*, Court of Common Pleas of Lackawanna County Order and Mem. Ex. B., Dkt. Entry No. 26 at 18–19. Indeed, the Contract stipulates that confirmation of any arbitration award shall be made by the Supreme Court of the State of New

York, New York or Kings counties, or a federal court sitting therein. Contract at 9–10. Plaintiff brought this action on December 22, 2022, seeking confirmation of the Award. *See*, Compl.

## LEGAL STANDARD

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "In ruling on a summary judgment motion, the district court must resolve all ambiguities, and credit all factual inferences that could rationally be drawn, in favor of the party opposing summary judgment and determine whether there is a genuine dispute as to a material fact, raising an issue for trial." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 202 (2d Cir. 2007) (internal quotation marks omitted). "A genuine factual dispute exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Truitt v. Salisbury Bank & Tr. Co*., 52 F.4th 80, 85 (2d Cir. 2022) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

If the moving party meets its initial burden of demonstrating the absence of genuine issues of material fact, "the burden shifts to the nonmovant to proffer evidence demonstrating that a trial is required because a disputed issue of material fact exists." *Weg v. Macchiarola*, 995 F.2d 15, 18 (2d Cir. 1993). The nonmoving party may not rely on "[c]onclusory allegations, conjecture, and speculation." *Kerzer v. Kingly Mfg.*, 156 F.3d 396, 400 (2d Cir. 1998). Instead, the nonmoving party affirmatively must set out facts showing a genuine issue for trial. *Anderson*, 477 U.S. at 250. "Summary judgment is appropriate only '[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party.'" *Donnelly v. Greenburgh Cent. Sch. Dist. No. 7*, 691 F.3d 134, 141 (2d Cir. 2012) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

"[W]here the nonmoving party bears the burden of proof as to a particular issue, the moving party may satisfy his burden under Rule 56 by demonstrating an absence of evidence to support an essential element of the nonmoving party's claim . . ." *Binder v. Long Island Lighting Co.*, 933 F.2d 187, 191 (2d Cir. 1991). "Where the moving party has attempted to demonstrate that the nonmoving party's evidence is insufficient as a matter of law to establish his claim, the burden shifts to the nonmoving party to come forward with persuasive evidence that his claim is not 'implausible.'" *Id.*

**DISCUSSION**

NYCPLR provides that a "court shall confirm an [arbitration] award upon application of a party made within one year after its delivery to them, unless the award is vacated or modified upon a ground specified in section [7511] of this article" N.Y. C.P.L.R. § 7510 (McKinney 2024); *See also*, *Ottley v. Schwartzberg*, 819 F.2d 373, 375 (2d Cir. 1987) ("[A court] must grant a petition to confirm an arbitration award if it properly is brought within one year of the date of the award . . . ."). Plaintiff contends that there is no genuine dispute that: (1) the parties engaged in arbitration pursuant to the Contract's arbitration clause; (2) the Award was issued; and (3) he filed a petition to confirm the Award within one year following its issuance. Mot. at 5. Therefore, Plaintiff argues that he should be granted summary judgment, and his arbitration Award confirmed.

Defendant argues that the Award should be vacated because he was fraudulently induced to enter the Contract. Opp'n at 6. This argument is unavailing. There are two categories of grounds upon which an arbitration award may be vacated pursuant to the NYCPLR. The first category, set forth in section 7511(b)(1), is available to a party who either participated in the arbitration or was served with a notice of intention to arbitrate ("NOA"). This category includes the following grounds for vacatur: (1) corruption, fraud or misconduct in procuring the award; (2) partiality of an arbitrator appointed as a neutral, except where the award was by confession; (3)

the arbitrator or person making the award exceeded his power or so imperfectly executed it that a final and definite award upon the subject matter submitted was not made; or (4) failure to follow the procedure set forth in the NYCPLR, unless the party applying to vacate the award continued with the arbitration with notice of the defect and without objection. *See,* N.Y. C.P.L.R. § 7511(b)(1) (McKinney 2024).

The second category, set forth in section 7511(b)(2), is available only when a party neither participated in the arbitration nor was served with an NOA. *Id.* § 7511(b)(2). This category includes the following grounds for vacatur: (1) a valid agreement to arbitrate was not made; (2) noncompliance with the agreement; or (3) the arbitrated claim was barred by statute of limitations under section 7502(b). *Id.* Defendant's vacatur argument implicates this second set of grounds, namely, that the parties did not enter into a valid agreement because Defendant was fraudulently induced into entering the Contract.

Pursuant to section 7503(c), if a party does not object to the validity of the contract underlying arbitration within twenty days after being served with a complaint NOA, he will be precluded from doing so later. *Id.* § 7503(c). A compliant NOA must include: (1) the agreement pursuant to which arbitration is sought; (2) the name and address of the party serving the notice; and (3) a statement that, unless the party served applies to stay the arbitration within twenty days after such service, he will be precluded from objecting to the validity of the contract, asserting that the contract was not complied with, and asserting a statute of limitations defense. *Id.* A compliant NOA must be served in the same manner as a summons or by registered or certified mail. *Id.*

There is no genuine dispute that Defendant personally was served properly with a compliant NOA on September 21, 2021. *See*, Aff. of Service Ex. B, Dkt. Entry No. 1 at 14. It is undisputed that the NOA referenced and attached the Contract, included Plaintiff's name and address as the party serving the notice, and included the requisite statement notifying Defendant

that he will waive objections, including to the validity of the Contract, if he does not raise them within twenty days of service. *Id*. at 15. Defendant does not contend, and there is no evidence in the record, that he sought to stay the arbitration within twenty days after receiving the section 7503(c) notice. *See generally*, Opp'n. Accordingly, section 7503(c) applies and is fatal to Defendant's fraudulent inducement argument in two ways.

First, Defendant's argument fails because section 7503(c) precludes him from vacating or modifying the Award pursuant to section 7511(b)(2). As discussed above, section 7511(b)(2) grounds for vacatur are available only when a party neither has participated in the arbitration nor was served with an NOA. N.Y. C.P.L.R. 7511(b)(2) (McKinney 2024). Such is not the case here. There is no genuine dispute that Defendant was served properly with an NOA. Thus, Defendant cannot seek vacatur pursuant to section 7511(b)(2). *See, Matter of Barbee v. Nationwide Mut. Ins. Co.*, 194 A.D.2d 604, 605 (2d Dept 1993) (holding that following arbitration a party's ability to challenge confirmation of the award is limited to the grounds specified by section 7511).

At most, Defendant can argue only for vacatur of the Award on section 7511(b)(1) grounds. However, he does not challenge the Award on those grounds. *See generally*, Opp'n. Therefore, Defendant has presented no valid argument pursuant to which the Court could vacate the Award and the Court's role is limited to confirming it. *See*, N.Y. C.P.L.R. § 7510 (McKinney 2024) ("[C]ourt[s] shall confirm an [arbitration] award upon application of a party made within one year after its delivery to them, unless the award is vacated or modified upon a ground specified in section [7511] of this article.").

Second, section 7503(c) precludes Defendant's fraudulent inducement argument because that argument challenges the validity of the Contract. Pursuant to New York state law, attempts to rescind an entire agreement due to fraudulent inducement constitutes a challenge to the validity of the agreement. *See, J.P. Morgan Sec. Inc. v Ader*, 127 A.D.3d 506, 507 (1st Dept. 2015)

(reviewing a challenge to the validity of the contract via fraudulent inducement where a party sought damages for breach of contract); *See also, Int'l Bus. Machines Corp. v. GlobalFoundries U.S. Inc.*, 235 A.D.3d 22, 28 (1st Dept. 2024) (holding that when a party alleges fraudulent inducement to enter into a contract, the party may elect to disaffirm the contract or stand on it and maintain an action for damages attributable to the fraud (citation omitted)). By its plain terms, section 7503(c) precludes objections to the validity of an agreement if the objecting party failed to seek a stay to the arbitration within twenty days of receiving proper notice. As Defendant's fraudulent inducement objection challenges the validity of the Contract and he failed to seek a stay within twenty days of being served with the NOA, he is precluded from raising it via section 7503(c).

Notably, under New York law, arbitration clauses are severable from the contract. *See, Matter of Weinrott (Carp)*, 32 N.Y.2d 190, 198 (1973) ("[W]e now hold that an arbitration provision of a contract is separable, the agreement to arbitrate would be 'valid' even if the substantive portions of the contract were induced by fraud."). The New York State Court of Appeals has held that, if a valid arbitration clause is present that encompasses challenges to the "validity" of the contract, then validity challenges, such as fraudulent inducement, must be decided by the arbitrator. *Id.* ("When the parties to a contract have reposed in arbitrators all questions concerning the 'validity, interpretation or enforcement' of their agreement, they have selected their tribunal . . ."). "Broad" arbitration clauses, similar to the one in this case, have been held to encompass fraudulent inducement challenges. *Id.* at 196 (holding that an arbitration clause which read "[a]ll disputes, controversies or claims arising hereunder" encompassed a fraudulent inducement claim). Therefore, even if section 7503(c) did not apply, Defendant was required to bring his fraudulent inducement claim before the arbitrator.

To avoid having to bring fraudulent inducement before an arbitrator as opposed to a court, a party must show that the arbitration clause itself, not the overall agreement, was procured through fraud. *See, Mouli v Stern*, 236 A.D.3d 599, 601 (1st Dept. 2025). For a broad arbitration clause, any arguments other than challenges to the validity of the arbitration clause itself pass to the arbitrators. *Id.; See also, Matter of Prinze (Jonas)*, 38 N.Y.2d 570, 577 (1976) (holding that a challenge to the validity of the contract itself would go to the arbitrators). Defendant contends that the entire Contract was procured by fraud. Opp'n at 6. Consequently, in accord with the arbitration clause here, Defendant was required to bring this challenge before the arbitrator.

Lastly, Plaintiff also sought enforcement of the Award as a foreign judgment entered in Pennsylvania at the time this action was filed. *See*, Compl. at 5. However, it is undisputed that the Pennsylvania judgment was stricken by the Pennsylvania court on March 14, 2024. *See*, Court of Common Pleas of Lackawanna County Order and Mem. Ex. B., Dkt. Entry No. 26 at 18–19. Thus, as there no longer exists a foreign judgment to enter, second cause of action is dismissed as moot.

## CONCLUSION

For the reasons set forth above, Plaintiff's summary judgment motion is granted to the extent that the arbitration Award in the amount of $1,101,925.95 issued by the Beth Din is confirmed pursuant to NYCPLR section 7510 and denied as to Plaintiff's second cause of action, which is dismissed as moot.

SO ORDERED.

Dated: Brooklyn, New York
September 29, 2026

/s/
DORA L. IRIZARRY
United States District Judge